Docket #2060  Date Filed: 03/18/2021

CRAWFORD, WISHNEW & LANG PLLC
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Movants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-34054-sgj-11 |
| | ) | |
| Highland Capital Management, L.P., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**JAMES DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS,
L.P., NEXPOINT ADVISORS, L.P., THE DUGABOY INVESTMENT TRUST, THE GET
GOOD TRUST, and NEXPOINT REAL ESTATE PARTNERS, LLC, F/K/A HCRE
PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY'S
<u>MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455</u>**

James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors,

L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners,

LLC, f/k/a HCRE Partners, LLC, a Delaware limited liability company (collectively, "<u>Movants</u>")

file this Motion to Recuse (the "<u>Motion</u>") pursuant to 28 U.S.C. § 455[1] and would, in support

thereof, respectfully show the Court as follows:

1.      Brought with reluctance, this Motion is the necessary result of the undeniable animus that

the Presiding Judge (hereinafter, the "<u>Court</u>") has developed against James Dondero ("<u>Mr.</u>

<u>Dondero</u>") and the resulting prejudicial effect of that animus on Mr. Dondero, The Dugaboy Trust,

The Get Good Trust (collectively, the "<u>Trusts</u>") and any entity the Court deems connected to him

---

[1] 28 U.S.C. § 455 has been made applicable to bankruptcy judges under FED. R. BANKR. P. 5004.

**APP.3589**

**MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455**



¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯¯
1934054210310180000000000010

or under his control (collectively, the "<u>Affected Entities</u>").[2] While the Court has presided over many issues in this bankruptcy, numerous adversary proceedings and contested matters involving Mr. Dondero and the Affected Entities remain, in which, for the reasons described herein, the Court's impartiality can be reasonably questioned.

2.      Importantly, the Court has essentially acknowledged the foundation of this Motion already—that: the Court formed negative opinions of Mr. Dondero in a prior bankruptcy; those opinions have carried into *this* bankruptcy; and, despite best efforts, the Court has been unable to extricate those opinions from its mind. Moreover, the record in this bankruptcy reflects that the Court's negative opinions of Mr. Dondero have resulted in, if not actual bias against Mr. Dondero and the Affected Entities, the undeniable perception of bias against Mr. Dondero and the Affected Entities that impair the ability of Mr. Dondero (and the Affected Entities) to preserve their legal rights. Specifically, among other things, the record reflects that the Court has:

(a)    repeatedly made statements demonstrating the Court's unfavorable opinions about Mr. Dondero;

(b)    declared that Mr. Dondero (and, by implication, the Affected Entities and each of their licensed attorneys) are vexatious litigants based on actions taken by Mr. Dondero and the Affected Entities to: (i) defend lawsuits and motions filed against them; (ii) assert valid legal positions; and/or (iii) preserve legal rights, including on appeal;

(c)    concluded that any entity the Court deems connected to or controlled by Mr. Dondero (*i.e.*, the Affected Entities) is essentially no more than a tool of Mr. Dondero, without evidence being introduced that the corporate status of these entities should be disregarded or that they constitute a single business enterprise;[3]

(d)    summarily and/or preemptively disregarded the testimony of any witness who would testify in favor of Mr. Dondero or any of the Affected Entities, without evidentiary support, as "under [Mr. Dondero's] control" and, if the witness has any connection

---

[2] The definition of the Affected Entities includes the entities defined as "the Advisors" and "the Retail Funds" below.
[3] Specifically, the evidentiary record does not reflect, *e.g.*, that: (a) the corporate formalities have been ignored for the entities; (b) their corporate property has not been kept separate and apart; or (c) Mr. Dondero uses the companies for personal purposes.

to Mr. Dondero, *per se* not credible.

3.    At the end of the day, even assuming, *arguendo*, that the Court's animus toward Mr. Dondero were justified based upon the Court's experience in the *Acis* Bankruptcy, **this Motion would be no less necessary** to safeguard the impartiality that Mr. Dondero and the Affected Entities are entitled to receive as litigants in *these* bankruptcy and adversary proceedings— regardless of Mr. Dondero's history with the Court.[4] Consequently, based on the facts stated herein and the trajectory they suggest, the only way to ensure that this required impartiality (and, of equal importance, the public perception of same) exists going forward is through recusal of this Court.

4.    For the reasons set forth above and in the Brief in Support of this Motion, which is incorporated by reference as if fully set forth herein, Movants respectfully request that the Court recuse itself from the Adversary Proceedings and any future contested matters involving Movants or any entity connected to Mr. Dondero; and grant Movants all other further relief, at law or equity, to which they are justly entitled.

---

[4] Notably, the Affected Entities' investment base includes public investors beyond Mr. Dondero.

---

**MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455**                                          **PAGE 3**

Dated: March 18, 2021

Respectfully submitted,

CRAWFORD, WISHNEW & LANG PLLC

By: */s/ Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Movants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 18, 2021, a true and correct copy of the above and foregoing document was served on all parties and counsel set to receive notice by the Court's ECF system.

*/s/ Michael J. Lang*
Michael J. Lang