PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Intervenor Highland Capital Management, L.P.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| In re: | § Chapter 11 |
|  | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
|  | § |
| Debtor. | § |
|  | § |
| In re: | § |
|  | § |
| JAMES DONDERO, *et al.*, | § |
|  | § |
| Appellants, | § |
|  | § |
| v. | § Case No. 3:21-cv-00879-K |
|  | § |
| HON. STACEY G. C. JERNIGAN., | § |
|  | § |
| Appellee. | § |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹¹
1934054210507000000000008

## DEBTOR'S MOTION FOR LEAVE TO INTERVENE
## IN APPEAL OF RECUSAL ORDER

Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case ("Bankruptcy Case") and proposed intervenor in this appeal (the "Appeal") from an order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), by and through its undersigned counsel, pursuant to section 1109 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 8013(g), hereby files this *Motion for Leave to Intervene in Appeal of Recusal Order* (the "Motion").[2] In support of its Motion, the Debtor respectfully states as follows:

### BACKGROUND

1. On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), Case No. 19-12239 (CSS) (the "Highland Bankruptcy Case").

2. On October 29, 2019, the U.S. Trustee in the Delaware Court appointed an Official Committee of Unsecured Creditors (the "Committee").

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Highland Bankruptcy Case to the Bankruptcy Court [Docket No. 186] (the "Transfer Order").[3]

4. On February 22, 2021, the Court entered its *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II)*

---

[2] The Debtor represents that Appellants' counsel has informed Debtor's counsel that the Appellants are unopposed to the Motion.
[3] All docket numbers refer to the main docket for the Highland Bankruptcy Case maintained by the Bankruptcy Court.

2

*Granting Related Relief* [Docket No. 1943] (the "Confirmation Order").  The effective date of the Debtor's Plan has not yet occurred and the Debtor continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Bankruptcy Case.

5. On March 18, 2021, James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC (collectively, the "Appellants") filed their *Motion to Recuse Pursuant to 28 U.S.C. § 455* [Docket No. 2060] (the "Motion to Recuse"), asking The Honorable Stacey G. Jernigan ("Judge Jernigan") of the Bankruptcy Court to recuse herself from presiding over further proceedings in the Bankruptcy Case.

6. On March 23, 2021, the Bankruptcy Court entered its *Order Denying Motion to Recuse Pursuant to 28 U.S.C. § 455* [Docket No. 2083] (the "Recusal Order").

7. On April 1, 2021, the Appellants filed their *Notice of Appeal* [Docket No. 2149] (the "Notice of Appeal") of the Recusal Order (the "Appeal"), thereby commencing this Appeal.

8. On April 15, 2021, the Appellants filed their *Amended Notice of Appeal* [Docket No. 2203] (the "Amended Notice of Appeal").

9. The Appellants did not list the Debtor as an "Appellee" or "Interested Party" in the Appeal. *See* Amended Notice of Appeal.  The party currently listed as the "Appellee" or "Interested Party" is Judge Jernigan; however, the Debtor is the real party-in-interest in the Appeal.

10. On April 15, 2021, the Appellants filed their *Designation of Items to Be Included in the Record on Appeal* [Docket No. 2206] (the "Designation of Record").

11. On April 16, 2021, the Appellants filed their *Amended Designation of Items to Be Included in the Record on Appeal* [Docket No. 2213] (the "Amended Designation of Record").

## RELIEF REQUESTED

12. The Debtor respectfully requests that, pursuant section 1109 of the Bankruptcy Code and Bankruptcy Rule 8013, it be permitted to intervene in the Appeal.

## ARGUMENT

13. Section 1109(b) of the Bankruptcy Code provides: "A party in interest, including the debtor … may raise and may appear and be heard on any issue in a case under [Chapter 11]." 11 U.S.C. § 1109(b).

14. Bankruptcy Rule 8013(g) governs intervention in bankruptcy appeals. It provides that, in pertinent part, an entity seeking to intervene in the District Court must:

> [C]oncisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate.

Fed. R. Bankr. P. 8013(g).[4] The Debtor easily meets these requirements.

15. First, there can be no credible dispute that the Debtor has an interest in the outcome of the Appeal. On December 4, 2019, the Delaware Court transferred the Highland

---

[4] *See also* Bankruptcy Rule 6009, which provides:

> With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Fed. R. Bankr. P. 6009.

Bankruptcy Case to the Bankruptcy Court precisely because of the Bankruptcy Court's familiarity with Mr. Dondero and certain entities he directly or indirectly owns and/or controls including (at that time), the Debtor. The Transfer Order was not the subject of any appeal.

16. Since the Highland Bankruptcy Case was transferred to the Bankruptcy Court and assigned to Judge Jernigan, Judge Jernigan has (a) considered and approved after an evidentiary hearing a comprehensive "corporate governance" settlement pursuant to which, among other things, Mr. Dondero voluntarily ceded control of the Debtor to an independent body (*see* Docket Nos. 338, 339, and 354); and (b) considered and granted numerous motions, including (i) three contested motions under Bankruptcy Rule 9019 pursuant to which unwieldy, contentious, and bitter prepetition litigation orchestrated by Mr. Dondero and those working at his direction was finally resolved; (ii) the Debtor's motion for temporary and preliminary injunctive relief against Mr. Dondero and entities directly and indirectly owned and/or controlled by him; and (iii) presided over a two-day evidentiary hearing with respect to confirmation of the Debtor's Plan, which resulted in entry of the Confirmation Order.

17. More than 2,250 entries have been made on the docket in the Highland Bankruptcy Case. Ten (10) adversary proceedings are pending, all scheduled to be tried between June and December 2021. Other substantial contested matters are being litigated, including, among others, the Debtor's motions (a) for post-confirmation financing [Docket No. 2229], (b) for approval of a proposed settlement with UBS that would finally resolve a decade of prepetition litigation [Docket No. 2199],[5] (c) to disqualify a law firm from prosecuting a proof of claim based

---

[5] The motion to disqualify is scheduled to be heard on May 17, 2021. Docket No. 2201.

on conflict of interest grounds [Docket No. 2196][6], and (d) to hold certain Dondero-related entities in contempt of court for violating two court orders [Docket No. 2235].[7]

18. Given the Bankruptcy Court's irreplaceable knowledge of the Highland Bankruptcy Case, including the adversary proceedings and contested matters described above, and its extensive familiarity with the Debtor's business and operations, management, and prepetition history (including its vexatious litigation strategy), the Debtor would face substantial, adverse consequences if the Recusal Order is overturned on appeal and Judge Jernigan is removed from the Bankruptcy Case. Simply put, no incoming judge can reasonably be expected to gain any semblance of the knowledge and experience that Judge Jernigan has gained over the last 18 months, and the necessary delays from trying would surely jeopardize the Debtor's ability to successfully implement its plan of reorganization.

19. Moreover, no one can credibly claim that the current parties to the Appeal will adequately represent the Debtor's interests. If the Debtor is not permitted to intervene and file a responsive brief, the Appeal may go unopposed.

20. Participating as an *amicus curiae* would also not be adequate to protect the Debtor's interests because the Debtor can be expected to raise issues as an intervenor that will not be presented by Mr. Dondero. Ultimately, the Debtor will be in a best position to advocate for its own interest and bring critical issues to the District Court's attention as an actual party to the Appeal.

21. Finally, although intervention was not sought in the Bankruptcy Court,[8] the Debtor seeks intervention in this Appeal in order to bring relevant issues and facts from the record

---

[6] The UBS settlement motion is scheduled to be heard on May 18, 2021. Docket No. 2230.

[7] The contempt motion is scheduled to be heard on June 8, 2021. Docket No. 2252.

[8] The Recusal Order was issued only five days after Mr. Dondero filed his Motion to Recuse.

to the District Court's attention. While Judge Jernigan is already intimately familiar with the record of this Bankruptcy Case, the same cannot be said for the District Court. The Debtor's intervention in the Appeal is, therefore, necessary to protect its interest and the interests of its estate.

22. Thus, the Debtor satisfies the requirements of Bankruptcy Rule 8013 and has a right to appear in the Appeal. *See Matter of Burch*, 818 Fed. Appx. 367, 368 (5th Cir. 2020) (dismissing appeal of district court's decision to allow trustee's intervention in appeal of denial of recusal motion pursuant to Fed. R. Bankr. P. 8013); *In re Samson Res. Corp.*, 15-11934-BLS, 2018 WL 4658212, at *1 (D. Del. Sept. 27, 2018), aff'd, 786 Fed. Appx. 364 (3d Cir. 2019) (granting motion to intervene under Rules 8013(g) and 6009 where the party has "a strong interest regarding the issues" raised in the appeal).

23. Based on the foregoing, the Debtor respectfully requests that this Court grant leave for the Debtor to intervene in the instant Appeal, that it be given a reasonable opportunity to supplement the record, and that it otherwise be treated as an "Appellant" for all purposes, as if originally named as such in the Notice of Appeal.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) grant the Motion; (ii) give the Debtor a reasonable opportunity to supplement the record; (iii) otherwise treat the Debtor as an "Appellant" for all purposes, as if originally named as such in the Notice of Appeal; and (iv) grant the Debtor such other and further relief as it deems just and proper.

7

| | |
|---|---|
| Dated: May 7, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>    ikharasch@pszjlaw.com<br>    jmorris@pszjlaw.com<br>    gdemo@pszjlaw.com<br>    hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

8

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 7, 2021, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

                                                      */s/ Zachery Z. Annable*
                                                      Zachery Z. Annable

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00879-K |
| | § | |
| HON. STACEY G. C. JERNIGAN, | § | |
| | § | |
| Appellee. | § | |

## ORDER GRANTING DEBTOR'S MOTION TO INTERVENE IN APPEAL OF RECUSAL ORDER

On April 1, 2021, the Court received notice of the Appellants'[2] appeal [Docket No. 2149] (the "Notice of Appeal") of the *Order Denying Motion to Recuse, Pursuant to 28 U.S.C. § 455* [Docket No. 2083] (the "Recusal Order"), in which the Bankruptcy Court denied Appellants' motion for recusal of The Honorable Stacey G. C. Jernigan, the assigned Bankruptcy Judge. In the Notice of Appeal, the Appellants identified Judge Jernigan as an "Interested Party" and Highland Capital Management L.P., the debtor in the above-referenced bankruptcy case (the "Debtor"), as a "Notice Party." On April 15, 2021 the Appellants filed their *Amended Notice of*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] The Appellants are James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC

*Appeal* [Docket No. 2203] (the "Amended Notice of Appeal") in which they re-designated Judge Jernigan as "Appellee/Interested party."

Believing the record in the instant appeal (the "Appeal") incomplete, and asserting that it was necessary to protect the Debtor and its estate, the Debtor filed its *Motion for Leave to Intervene and to Establish Time to File Response Brief in Appeal of Recusal Order* [Docket No. __] (the "Motion to Intervene"). Therein, the Debtor represented that the Appellants are unopposed to the Motion to Intervene (Motion to Intervene at 2 n. 2), making the Motion to Intervene ripe for review by the Court.

Having reviewed the Notice of Appeal, the Amended Notice of Appeal, and the Motion to Intervene, the Court finds as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor may intervene in the Appeal pursuant to Fed. Rule Bankr. P. 8013(g).

3. The Debtor's supplemental designation of record, if any, is due to the Court on or before the 14th day after entry of this Order.

4. The Debtor shall be treated as an "Appellee" as if originally designated as such in the Notice of Appeal.

**SO ORDERED** on this __ day of _____, 2021.

_____
The Honorable Ed Kinkeade
UNITED STATES DISTRICT JUDGE