IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00879-K |
| | § | |
| HON. STACEY G. C. JERNIGAN, | § | |
| | § | |
| Appellee. | § | |

**APPELLANTS' RESPONSE TO DEBTOR'S MOTION FOR LEAVE TO INTERVENE
IN APPEAL OF RECUSAL ORDER**

James Dondero ("Mr. Dondero"), Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware limited liability company (collectively, "Appellants") file this *Response* (the "*Response*") to Highland Capital Management, L.P.'s ("Debtor") *Motion for Leave to Intervene in Appeal of Recusal Order* (the "*Motion to Intervene*").[1] Appellants respectfully state as follows:

**I.    BACKGROUND**

**A.  Procedural Background**

1.    On October 16, 2019, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the

---

[1] Dkt 2.



"Delaware Court"), Case No. 19-12239 (CSS) (the "Highland Bankruptcy Case").

2.  On October 29, 2019, the U.S. Trustee in the Delaware Court appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee then moved to transfer the Highland Bankruptcy Case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3.  At the hearing on the Committee's Motion to Transfer, the Pachulski firm, counsel for Debtor, expressly acknowledged that the Committee's motive in seeking transfer of the Highland Bankruptcy Case to the Bankruptcy Court was to take advantage of the Bankruptcy Court's preexisting negative views of Debtor's management, including, notably, Mr. Dondero:

> However -- Your Honor pointed to this at the beginning, in mentioning comments about forum-shopping -- the committee and Acis are really being disingenuous, and they have not told you the real reason that they want the case before Judge Jernigan.7 … And it's not because she's familiar with this debtor's business, this debtor's assets, or this debtor's liabilities, because she generally is not. ***It is because she formed negative views regarding certain members of the debtor's management that the committee and Acis hope will carry over to this case***.[2]
>
> ****
>
> The debtor filed the case in this district because it wanted a judge to preside over this case that would look at what's going on with this debtor, with this debtor's management, this debtor's post-petition conduct, ***without the baggage of what happened in a previous case***, which contrary to what Acis and the committee says [*sic*], has very little to do with this debtor.[3]

4.  On December 4, 2019, the Delaware Court entered an order transferring venue of the Highland Bankruptcy Case to the Bankruptcy Court.[4]

**B. The *Motion to Recuse***

5.  As the Bankruptcy Court has essentially acknowledged, the Bankruptcy Court carried

---

[2] *See* B.R. Dkt. 2062, the *Appendix to the Motion to Recuse* at Exhibit 1 at 77:18-78:8 [App. 0077-0078] (emphasis added).
[3] *Id.* at 79:14-20 [App. 0079] (emphasis added).
[4] *See* B.R. Dkt. 186.

negative opinions of Mr. Dondero into the Highland Bankruptcy Case that it cannot extricate from its mind.

6. Moreover, the record in the Highland Bankruptcy Case reflects that these negative opinions have resulted in, if not actual bias against Mr. Dondero (as well as any entity the Bankruptcy Court deems connected to him or under his control (collectively, the "Affected Entities")):[5] (a) the undeniable *perception* of bias against Mr. Dondero and the Affected Entities; and (b) distinct and regular favoritism toward Debtor and other parties (or, at a minimum, the undeniable *perception* of such favoritism).

7. Specifically, among other things, the record in the Highland Bankruptcy Case reflects that the Bankruptcy Court's bias began to manifest itself in late 2020 and early 2021 as the Bankruptcy Court:

(a) Repeatedly made statements demonstrating its unfavorable opinions about Mr. Dondero;

(b) Declared that Mr. Dondero (and, by implication, the Affected Entities and each of their licensed attorneys) are vexatious litigants based on Mr. Dondero and the Affected Entities actions in: (i) defending lawsuits and motions filed against them; (ii) asserting valid legal positions; and/or (iii) preserving legal rights, including on appeal;

(c) Reasonably appears to have prejudged an issue of fact in the Adversary Proceedings (defined below) by concluding that any entity connected to Mr. Dondero (*i.e.*, the Affected Entities) is essentially Mr. Dondero himself, without evidence being introduced that support disregarding the corporate status of these entities;

(d) Summarily and/or preemptively disregarded the testimony of any witness who would testify in favor of Appellants, without evidentiary support, as "under [Mr. Dondero's] control" and, if the witness has any connection to Mr. Dondero, *per se* not credible; and

(e) Entered findings of fact and granted remedies against Appellants that the

---

[5] The term "Affected Entities" should be understood to include Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc.

opposing party did not seek, thus depriving Appellants of due process rights.

8. This bias (or equally problematic perception of bias) has and will continue to impair the ability of Appellants to adequately preserve and protect their legal rights and interests.

9. Consequently, on March 18, 2021, Appellants moved to recuse Presiding Judge Jernigan (the "*Motion to Recuse*")[6] from the below adversary proceedings (the "Adversary Proceedings"):

| Adversary Proceeding | File Date |
| --- | --- |
| *UCC v. CLO Holdco Ltd., et al.; Adversary No. 20-03195* | 12/17/2020 |
| *HCMLP v. NexPoint Advisors, L.P., et al.; Adversary No. 21-03000* | 1/6/2021 |
| *HCMLP v. Dondero; Adversary No. 21-03003* | 1/22/2021 |
| *HCMLP v. HCMFA; Adversary No. 21-03004* | 1/22/2021 |
| *HCMLP v. NexPoint Advisors, L.P.; Adversary No. 21-03005* | 1/22/2021 |
| *HCMLP v. HCM; Adversary No. 21-03006* | 1/22/2021 |
| *HCMLP v. NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC; Adversary No. 21-03007* | 1/22/2021 |
| *HCMLP v. HCMFA; Adversary No. 21-03010* | 2/17/2021 |
| *HCMLP v. Dondero; Adversary No. 20-03190* | 12/7/2020 |

10. Notably, while the Bankruptcy Court had presided over many issues in the Highland Bankruptcy Case at the time of the *Motion to Recuse*, Appellants' *Motion to Recuse* sought relief related to recently filed and future, stand-alone Adversary Proceedings, *i.e.*, ***proceedings in which institutional knowledge is not required***. Indeed, as shown above, before the Bankruptcy Court's "institutional knowledge" became advantageous for Debtor, Debtor aptly referred to it as "baggage."

11. Moreover, the Bankruptcy Court has not made any substantive rulings in those Adversary Proceedings, and the defendants therein have moved to withdraw the reference in most, if not all,

---

[6] *See* B.R. Dkt. 2060-2062.

of those cases on the grounds that most of the claims are based on state law.

### C. The *Recusal Order* and Debtor's Intentional Inaction

12. On March 19, 2021, the morning after Appellants filed the *Motion to Recuse*, the Bankruptcy Court acknowledged receiving the *Motion to Recuse* in a hearing on a separate issue and stated to all present (which included Debtor) that it would review the *Motion to Recuse* and let the parties know whether responsive pleadings would be necessary.[7]

13. The Bankruptcy Court's statements that morning clearly indicated that it would likely deny the *Motion to Recuse sua sponte*. Nonetheless, no party, including Debtor, sought to oppose the *Motion to Recuse*; or request time to file a response; or indicate that they, in any way, objected to the foreshadowed ruling without the opportunity to advocate for their interest and create a record. This silence continued in the days following the hearing.

14. On March 23, 2021, the Bankruptcy Court, as it indicated it would, *sue sponte* denied Appellants' *Motion to Recuse* on three grounds (the "<u>*Recusal Order*</u>"): (a) the *Motion to Recuse* was untimely;[8] (b) the Bankruptcy Court's subjective belief that it was not biased ("[t]he Presiding Judge does not believe she harbors, or has shown, any personal bias or prejudice against the Movants");[9] and (c) criticism of counsel (which was not a ground that Appellants asserted in the *Motion to Recuse*) did not justify recusal.[10]

15. Appellants timely filed a *Notice of Appeal* of the *Recusal Order* and, since no other party

---

[7] *See* an excerpted copy of the Transcript from March 19, 2021 hearing at 78:3-12 ("All right. Okay. And then there's -- I don't know if the apparently new counsel who has filed a motion of recusal is on the line, but I'll just tell people I will let you all know by the end of today if I think I need a hearing on that or I think I need to give other parties in interest the opportunity to weigh in on that. But I don't think it's going to stop me from going forward, just based on the very quick summary I got from one of my law clerks this morning. But I'll let you know by the end of the day today if I think I need to set that for hearing or need responsive pleadings."), a true and correct copy of which is attached hereto as **Exhibit 1 to this *Response*** and incorporated herein by reference.
[8] B.R. Dkt. 2883 at p. 7.
[9] B.R. Dkt. 2883 at p. 10.
[10] *Id.*

had filed any response to the *Motion to Recuse* (or indicated any position in favor or opposing the *Motion to Recuse*), Appellants listed the Bankruptcy Court as the interested party to the appeal and Debtor (and others) as "Notice Parties."[11] Then, after discussions with the Clerk for the Bankruptcy Court, who had filed correspondence in the Bankruptcy Case requesting Appellants amend their *Notice of Appeal* to add an Appellee, Appellants named the Bankruptcy Court as "Appellee" in an *Amended Notice of Appeal*.[12]

## II. RESPONSE TO DEBTOR'S *MOTION TO INTERVENE*

16. In a footnote (fn. 2) to the *Motion to Intervene*, Debtor overstates that Appellants are unopposed to its *Motion to Intervene*.

17. When counsel for Debtor conferred with counsel for Appellants, counsel for Appellants indicated Appellants would not be opposed to Debtor ***seeking intervention*** in this appeal of the *Recusal Order*. Specifically, what counsel for Appellants did not oppose was Debtor's request to intervene and defend the *Recusal Oder* against appeal ***on the grounds stated by the Bankruptcy Court in the Recusal Order***.

18. Counsel for Appellants did not indicate that Appellants were unopposed to Debtor using intervention as a back-door attempt to make arguments that Debtor knowingly and intentionally refused to make in response to the *Motion to Recuse* in the Bankruptcy Court.

19. Regardless, Debtor, as shown herein, has failed to show that intervention is necessary, and Debtor should not be allowed to, through intervention, raise new arguments that it did not previously present to the Bankruptcy Court (or offer new grounds for denying the *Motion to Recuse* that were not raised by the Bankruptcy Court in its own *Recusal Order*).

20. ***First***, Debtor asserts that it "would face substantial adverse consequences if the Recusal

---

[11] B.R. Dkt. 2149.
[12] *See* B.R. Dkt. 2169; Dkt. 1-1.

Order is overturned on appeal and Judge Jernigan is removed from the Bankruptcy Case."[13] In support of this statement, Debtor asserts that the Bankruptcy Court has issued 2,500 opinions and orders in the Highland Bankruptcy Case (and its various contested matters) and makes the conclusory statement that recusing Judge Jernigan from the Adversary Proceedings would somehow jeopardize the "successful implementation" of Debtor's reorganization plan. However, none of the Bankruptcy Court's institutional knowledge affects the trial of the pending and future Adversary Proceedings referenced above, which can and should stand alone and be determined on a case-by-new-case basis.

21.     More importantly, the core issues on appeal here are: (a) whether "a reasonable man, cognizant of the relevant circumstances surrounding [the Bankruptcy Court's] failure to recuse, would harbor legitimate doubts about that judge's impartiality;"[14] and (b) whether the Bankruptcy Court should be recused from sitting as the judge and jury in the various Adversary Proceedings listed above. Respectfully, Appellants, like every litigant, are entitled to a full and fair opportunity to make their case in a fair and impartial forum.[15]

22.     Under § 455(a), this Court must objectively address the requirements of § 455(a) and, if after such an objective analysis, this Court determines that a reasonable person would question the Bankruptcy Court's impartiality, then recusal is mandatory. Indeed, Debtor's insistence that the Bankruptcy Court's "institutional knowledge" (the same knowledge Debtor previously admitted was biased "baggage") is *required* for the Adversary Proceedings only further supports the positions taken by Appellants in the *Motion to Recuse*.

23.     ***Second***, while Debtor contends that its interest will not be adequately protected if it is not

---

[13] Dkt. 2 at ¶ 18.
[14] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir.1999).
[15] *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 893 (5th Cir. 2021).

permitted to intervene, *Debtor, as shown above, made no attempt to oppose the Motion to Recuse or to represent Debtor's interests in the Bankruptcy Court*—including when the Bankruptcy Court specifically raised the *Motion to Recuse* at a hearing involving Debtor and indicated the likely reality that the Bankruptcy Court would reject the motion without hearing or responsive pleadings.

24. Moreover, Debtor's claim that this appeal will go unopposed absent its intervention as an "appellant"[16] also lacks merit. Appellants have the burden irrespective of any intervention. As stated above, if a reasonable person would question the Bankruptcy Court's impartiality, then recusal is mandatory.

25. **Third**, in the *Motion to Intervene*, Debtor provides only conclusory statements as to why participating in this appeal as an *amicus curiae* would be inadequate. Debtor does not explain how filing an amicus brief enabling this Court to view the matter from Debtor's perspective would be insufficient. On the contrary, numerous cases support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention.[17]

26. Instead, Debtor states that "although intervention was not sought in the Bankruptcy Court, the Debtor seeks intervention in this Appeal in order to bring relevant issues and facts from the record to the District Court's attention."[18] Notably, as stated above, Debtor never requested that the Bankruptcy Court permit Debtor to respond to the *Motion to Recuse* before ruling, despite the Court's clear indication that it was going to rule on the *Motion to Recuse*. Moreover, Debtor never filed a notice of appeal, and it did not file or intervene to designate the record. In short, Debtor has

---

[16] Dkt. 2 at ¶ 23 ("Based on the foregoing, the Debtor respectfully requests that this Court grant leave for the Debtor to intervene in the instate Appeal, that it be given reasonable opportunity to supplement the record, and that it otherwise *be treated as an "Appellant" for all purposes,* as if originally named as such in the Notice of Appeal.").
[17] *See McHenry v. Comm'r*, 677 F.3d 214, 227 (4th Cir. 2012); *Ruthardt v. United States*, 303 F.3d 375, 386 (1st Cir.2002); *Mumford Cove Ass'n v. Town of Groton*, 786 F.2d 530, 535 (2d Cir.1986); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir.1984); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir.1975).
[18] Dkt. 2 at ¶21.

provided no justification for the arguments contained or the relief requested in the *Motion to Intervene*.

27. Nonetheless, weeks after making no effort to "advocate for its own interests" in the Bankruptcy Court, it now appears that Debtor is seeking intervention in order to create new arguments it declined to make to the Bankruptcy Court. Debtor cannot use the intervention process this way. To the extent Debtor intervenes, it is stepping into the shoes of the Bankruptcy Court, and it is bound by the Bankruptcy Court's analysis, the Bankruptcy Court's basis, and the Bankruptcy Court's reasoning as stated in the *Recusal Order* denying the *Motion to Recuse*.

28. As a result, Debtor has failed to satisfy the requirements for intervention.

29. Moreover, while Appellants do not oppose Debtor filing a brief as an amicus to give this Court Debtor's perspective, Debtor should not be allowed to assert, for the first time on appeal, new arguments that Debtor did not present to the Bankruptcy Court and that the Bankruptcy Court did not raise in its *Recusal Order*. This Court cannot consider such additional grounds to determine whether the Bankruptcy Court abused its discretion in denying Appellants' *Motion to Recuse*.

### III. CONCLUSION

FOR THE FOREGOING REASONS, Appellants respectfully request the Court deny the relief requested in the *Motion to Intervene* or, alternatively, limit Debtor's intervention to defending the Bankruptcy Court's *Recusal Order* on the grounds stated and the basis set forth in that order.

Dated: May 17, 2021

Respectfully submitted,

By: */s/ Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
*Counsel for Appellants*

### CERTIFICATE OF SERVICE

The undersigned certifies that, on May 17, 2021, a true and correct copy of the above and foregoing document was served on all parties and counsel of record via the Court's e-filing system.

*/s/ Michael J. Lang*
Michael J. Lang

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

                                    )    Case No. 19-34054-sgj-11
 In Re:                             )    Chapter 11
                                    )
 HIGHLAND CAPITAL                   )    Dallas, Texas
 MANAGEMENT, L.P.,                  )    Friday, March 19, 2021
                                    )    9:30 a.m. Docket
        Debtor.                     )
                                    )    MOTIONS TO STAY
                                    )    PENDING APPEAL
                                    )

                       TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE STACEY G.C. JERNIGAN,
                   UNITED STATES BANKRUPTCY JUDGE.

 WEBEX APPEARANCES:

 For the Debtor:            Jeffrey Nathan Pomerantz
                            PACHULSKI STANG ZIEHL & JONES, LLP
                            10100 Santa Monica Blvd.,
                              13th Floor
                            Los Angeles, CA  90067-4003
                            (310) 277-6910

 For the Debtor:            John A. Morris
                            PACHULSKI STANG ZIEHL & JONES, LLP
                            780 Third Avenue, 34th Floor
                            New York, NY  10017-2024
                            (212) 561-7700

 For the Official Committee Matthew A. Clemente
 of Unsecured Creditors:    SIDLEY AUSTIN, LLP
                            One South Dearborn Street
                            Chicago, IL  60603
                            (312) 853-7539

 For James Dondero:         Clay M. Taylor
                            BONDS ELLIS EPPICH SCHAFER
                              JONES, LLP
                            420 Throckmorton Street,
                              Suite 1000
                            Fort Worth, TX  76102
                            (817) 405-6900
```

2

```
 1   APPEARANCES, cont'd.:

 2   For Get Good Trust and      Douglas S. Draper
     Dugaboy Investment Trust:   HELLER, DRAPER & HORN, LLC
 3                               650 Poydras Street, Suite 2500
                                 New Orleans, LA  70130
 4                               (504) 299-3300

 5   For Certain Funds and       Davor Rukavina
     Advisors:                   MUNSCH, HARDT, KOPF & HARR
 6                               500 N. Akard Street, Suite 3800
                                 Dallas, TX  75201-6659
 7                               (214) 855-7587

 8   For Certain Funds and       A. Lee Hogewood, III
     Advisors:                   K&L GATES, LLP
 9                               4350 Lassiter at North Hills
                                   Avenue, Suite 300
10                               Raleigh, NC  27609
                                 (919) 743-7306
11
     Recorded by:                Michael F. Edmond, Sr.
12                               UNITED STATES BANKRUPTCY COURT
                                 1100 Commerce Street, 12th Floor
13                               Dallas, TX  75242
                                 (214) 753-2062
14
     Transcribed by:             Kathy Rehling
15                               311 Paradise Cove
                                 Shady Shores, TX  76208
16                               (972) 786-3063

17

18

19

20

21

22

23

24        Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.
25
```

1  9:30 unless someone notifies my courtroom deputy over the
2  weekend that the Fifth Circuit has said stop, you can't.
3      All right.  Okay.  And then there's -- I don't know if the
4  apparently new counsel who has filed a motion of recusal is on
5  the line, but I'll just tell people I will let you all know by
6  the end of today if I think I need a hearing on that or I
7  think I need to give other parties in interest the opportunity
8  to weigh in on that.  But I don't think it's going to stop me
9  from going forward, just based on the very quick summary I got
10 from one of my law clerks this morning.  But I'll let you know
11 by the end of the day today if I think I need to set that for
12 hearing or need responsive pleadings.
13     All right.  The last thing before I'm late for my
14 engagement is, Mr. Pomerantz, at some point -- no, this is the
15 next-to-last thing.  At some point, you said we have a hearing
16 next week on a preliminary injunction adversary as to the
17 Funds.  Is that next week?
18          MR. POMERANTZ:  Your Honor, I may have misspoke.  I
19 think it's the 29th.
20          THE COURT:  Okay.
21          MR. POMERANTZ:  I could be corrected if I'm wrong.
22 So, --
23          THE COURT:  Okay.  So, with that, I'm going to offer
24 you this.  Traci, correct me if I'm wrong:  I don't think we
25 have anything set right now on Wednesday of next week,

1  by today and then their exhibits by 3:00 p.m. Central Tuesday,
2  along with any briefs.
3      THE COURT: Okay. So that sounds reasonable. By the
4  end of today, the witness and exhibit list, or did we just
5  want to say witness --
6      MR. POMERANTZ: The witness list by the end of today.
7      THE COURT: Just the witness list.
8      MR. POMERANTZ: Just the witness list.
9      THE COURT: 3:00 p.m. Central time Tuesday for the
10 exhibit list, with exhibits filed, and any briefing. Anyone
11 have any contrary views?
12     Okay. That will be the ruling, then. And I'll see you
13 Monday, I guess. We're adjourned.
14     THE CLERK: All rise.
15     MR. POMERANTZ: Thank you, Your Honor.
16     MR. RUKAVINA: Thank you.
17     (Proceedings concluded at 12:20 p.m.)
18                         --oOo--
19
20                        CERTIFICATE
21    I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the
22 above-entitled matter.
23   /s/ Kathy Rehling                              03/19/2021
24 _____    _____
   Kathy Rehling, CETD-444                             Date
25 Certified Electronic Court Transcriber

```
                            INDEX

PROCEEDINGS                                                       3

OPENING STATEMENTS

- By Mr. Hogewood                                                 6
- By Mr. Rukavina                                                11
- By Mr. Taylor                                                  16
- By Mr. Draper                                                  18
- By Mr. Pomerantz                                               19
- By Mr. Clemente                                                54

WITNESSES

-none-

EXHIBITS

Movants' Exhibits' A through M                         Received 20
Debtor's Exhibits 1 through 33                         Received 21

RULINGS                                                          66

    Motion to Stay Pending Appeal filed by Interested
    Party Highland Capital Management Fund Advisors, LP,
    Interested Party NexPoint Advisors, LP (1955) - *Denied*

    Motion to Stay Pending Appeal filed by Interested Party
    Highland Global Allocation Fund, Interested Party
    Highland Income Fund, Interested Party NexPoint Capital,
    Inc., Interested Party NexPoint Strategic Opportunities
    Fund (1967) - *Denied*

    Joinder by James Dondero to Highland Capital Management
    Fund Advisors, LP and NexPoint Advisors, LP's Motion for
    Stay Pending Appeal (1973) - *Denied*

    Joinder by Creditor Get Good Trust, Creditor The Dugaboy
    Investment Trust to Motions for Stay Pending Appeal of
    the Court's Order Confirming the Debtor's Fifth
    Amended Plan (1971) - *Denied*

END OF PROCEEDINGS                                               81

INDEX                                                            82
```