CASE NO. 3:21-CV-00879-K

**IN THE UNITED STATES DISTICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

HIGHLAND CAPITAL MANAGEMENT, L.P.,

(Debtor)

JAMES DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,
NEXPOINT ADVISORS, L.P.,  THE DUGABOY INVESTMENT TRUST, THE GET GOOD
TRUST, AND NEXPOINT REAL ESTATE PARTNERS, LLC,

(Appellants)

v.

HON. STACEY G.C. JERNIGAN AND HIGHLAND CAPITAL MANAGEMENT, L.P.

(Appellees)

On appeal from the United States Bankruptcy Court for the
Northern District of Texas, Dallas Division

**APPELLANTS' REPLY BRIEF**

Respectfully submitted by:
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
***Counsel for Appellants***

¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦¦
1934054210812000000000000009

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................iii

    A.   Objection to Items Not in the Record ................................................................ 1

    B.   The Bankruptcy Court Erred in Denying the Motion as Untimely. ............................. 2

    C.   The Bankruptcy Court Erred in Denying the Motion on the Merits............................ 6

       1.   Extrajudicial Bias is Not Necessary. ........................................................... 6

       2.   The Evidence Demonstrates Deep-Seated Antagonism (Against Appellants) and Favoritism (Toward Parties Adverse to Appellants). ................................. 9

CONCLUSION AND PRAYER ........................................................................................ 12

CERTIFICATE OF COMPLIANCE .............................................................................. 13

CERTIFICATE OF SERVICE ........................................................................................ 13

APP.5735

# INDEX OF AUTHORITIES

**Cases**

*Apple v. Jewish Hosp. & Med. Ctr.*,
829 F.2d 326, 328-30 (2d Cir. 1987).......................................................................... 2, 4

*Bloom v. Illinois*,
391 U.S. 194, 205 (1968) ............................................................................................ 7

*Caperton v. A.T. Massey Coal Co.*,
556 U.S. 868, 877 (2009) ............................................................................................ 7

*Davies v. C.I.R.*,
68 F.3d 1129, 1130-31 (9th Cir. 1995) ..................................................................... 2, 3

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
967 F.2d 1280, 1295 (9th Cir.1992)............................................................................ 3

*Ferrera-Parra v. United Airlines, Inc.*,
No. 4:19-CV-1053, 2021 WL 1795702, at *3 (S.D. Tex. Mar. 30, 2021)................... 6

*Grambling Univ. Nat'l Alumni Ass'n v. Board of Supervisors for La. System*,
286 Fed. App'x 864, 867 (5th Cir. 2008)...................................................................... 2

*Haskett v. Orange Energy Corp.*,
161 F. Supp. 3d 471, 473 (S.D. Tex. 2015) ............................................................... 6

*Hill v. Schilling*,
495 F. App'x 480, 484 (5th Cir. 2012) ..................................................................... 2, 3

*Hill v. Schilling*,
No. 3:07-CV-2020-L, 2014 WL 1516193, at *3 (N.D. Tex. Apr. 17, 2014)............... 2

*Hirczy v. Hamilton*,
190 Fed. App'x 357, 360 (5th Cir. 2006).................................................................... 2

*In re Chevron U.S.A., Inc.*,
121 F.3d 163, 165 (5th Cir. 1997)............................................................................ 6, 7

*In re Kansas Pub. Employees Retirement Sys.*,
85 F.3d 1353, 1358 (8th Cir.1996)............................................................................. 6

*Johnson v. Mississippi*,
403 U.S. 212, 216 (1971) (per curiam) ....................................................................... 7

*Liteky v. United States*,

APP.5736

510 U.S. 540, 554 (1994) ............................................................................... 5, 6, 7

*Marshall v. Jerrico, Inc.*,
    446 U.S. 238, 242 (1980) ......................................................................... 6

*Martin v. Monumental Life Ins. Co.*,
    240 F.3d 223, 237 (3rd Cir. 2001) ........................................................... 2

*Miller v. Sam Houston State Univ.*,
    986 F.3d 880, 893 (5th Cir. 2021) ....................................................... 5, 7, 9

*Sensley v. Albritton*,
    385 F.3d 591, 599 (5th Cir. 2004) ........................................................... 3

*United States v. Jordan*,
    49 F.3d 152, 157 (5th Cir. 1995) ............................................................. 9

*United States v. Sanford*,
    157 F.3d 987, 988 (5th Cir. 1998) ........................................................... 2

*United States v. York*,
    888 F.2d 1050, 1052 (5th Cir. 1989) ....................................................... 2

**Statutes**

28 U.S.C. § 455 ............................................................................................. 1

**Other Authorities**

H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974),
    reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355 ............ 7

**Rules**

Fed. R. Bankr. P. 5004 ................................................................................. 1

APP.5737

Appellants file this Reply in Support of their Appeal of the Bankruptcy Court's Order (the "<u>Order</u>") Denying Appellants' Motion to Recuse Pursuant to 28 U.S.C. § 455 (the "<u>Motion</u>")[1] and would, in support thereof, respectfully show the Court as follows:

**A.  Objection to Items Not in the Record**

1.       As a preliminary matter, Appellants object to Debtor's attempt to cite to evidence that was not before the Bankruptcy Court and not in the record on appeal. Specifically, Debtor argues that the Bankruptcy Court's actions have been proper, because other courts have, in other litigation, purportedly ruled against Mr. Dondero "and his enterprise."[2] According to Debtor, its vague and conclusory references to other litigation that Mr. Dondero and unnamed companies have been involved in (and the purported adverse rulings they have received therein) demonstrate that "the Bankruptcy Court does not stand alone."[3] However, Debtor's references and citations supporting these references:[4] were never in the record at the hearing on Confirmation; are not part of this record on appeal; cannot be considered; and are irrelevant to the Motion and appeal, as the Bankruptcy Court never considered this purported evidence or cited to it as the basis for any ruling on the Motion.

2.       Moreover, Debtor's attempts to present these other matters, despite acknowledging the Bankruptcy Court was not involved in (and did not have knowledge of) any of those proceedings, illustrate Debtor's concerning position that any adverse ruling ever allegedly made against Mr. Dondero must necessarily be proper. Indeed, the only way that these examples of prior litigation and purported adverse rulings in front of other courts could have any relevance to Debtor's position on appeal would be if Debtor was claiming that the Bankruptcy Court could rule

---

[1] 28 U.S.C. § 455 has been made applicable to bankruptcy judges under FED. R. BANKR. P. 5004.
[2] Debtor/Appellee's Br. at 3.
[3] *Id*. at 6.
[4] *Id*. at 6-8.

1

against Mr. Dondero simply because other tribunals allegedly have—irrespective of the evidence presented and whether or not *res judicata* applied. As a result, Appellants object to and move to strike Debtor's Appendix.

**B. The Bankruptcy Court Erred in Denying the Motion as Untimely.**

3.       It is undisputed that the Fifth Circuit has never adopted a *per se* rule on timeliness regarding a recusal motion.[5] Regardless, here, Appellants' Motion was not untimely.

4.       ***First***, none of the cases Debtor cites support a finding of untimeliness. In each of those cases, the party seeking to recuse did so only after ***a judgment*** had been entered against it.[6] Even in *Davies v. C.I.R.*, the movant did not seek recusal until a year after a ***final judgment***. Here, the Highland Bankruptcy was ongoing. Even more importantly for the purposes of the Motion, the various Adversary Proceedings had just been filed (or abated and, therefore, no substantive activity had occurred), and no ruling had been entered against Appellants in any of those proceedings. Neither the Bankruptcy Court nor Debtor disputes these facts.

---

[5] *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998).

[6] *Grambling Univ. Nat'l Alumni Ass'n v. Board of Supervisors for La. System*, 286 Fed. App'x 864, 867 (5th Cir. 2008) (***After the District Court dismissed Grambling's lawsuit***, Grambling sought to recuse the entire United States District Court for the Western District of Louisiana, Alexandria Division because ten months earlier a retired judge from the Alexandria Division was counsel for the Defendants); *U.S. v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998) (The Appellant argued**, *for the first time on appeal***, that the district court judge should have recused himself from sentencing because Sanford's defense attorney had previously testified against the judge in a Fifth Circuit Judicial Council proceeding.); *Hill v. Schilling*, No. 3:07-CV-2020-L, 2014 WL 1516193, at *3 (N.D. Tex. Apr. 17, 2014) (That court makes no such holding. Instead, that court recites the Fifth Circuit's holding in *Hill v. Schilling*, 495 F. App'x 480, 484 (5th Cir. 2012), in which Albert Hill III sought to set aside a settlement agreement and an ***agreed final judgment*** because the judge's spouse owned Exxon stock. Notably, this was information that Hill III had known ***for years***.); *Hirczy v. Hamilton*, 190 Fed. App'x 357, 360 (5th Cir. 2006) (Hirczy sued Hamilton, who was the general counsel for the University of Houston, seeking records and to stop the University from taking certain actions. The court had disclosed to parties its affiliation with the University. The court later dismissed the lawsuit for lack of standing. Two months ***after dismissal***, Hirczy moved to recuse. As a result, that court deemed this to be almost "per se untimeliness."); *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 328-30 (2d Cir. 1987) (After refusing to provide a defense and rejecting efforts to settle the case, an insurance company waited until ***after trial*** and a month ***after a judgment*** was entered to move intervene and recuse the court.); *United States v. York*, 888 F.2d 1050, 1052 (5th Cir. 1989) ("Even though York was aware of possible grounds for recusal, he ***never moved to disqualify Judge Fish before or during the trial***."); *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 237 (3rd Cir. 2001) (Appellant moved to disqualify just ***after a six-day non-jury trial***. The Third Circuit held that, "[w]e also believe that there ***must be a more compelling standard for recusal under § 455(a) after the conclusion of a trial than before its inception***.") (emphasis added).

2

APP.5739

5.      ***Second***, Appellants moved to recuse the Bankruptcy Court at the earliest moment possible, which was after learning of sufficient facts that could support the basis for recusal.[7] Debtor argues that the Motion was not timely because Debtor admitted the Bankruptcy Court's preexisting negative views of Mr. Dondero during the December 2, 2019 Motion to Transfer hearing.[8] However, as stated in Appellants' Brief (the "Brief"), the presence of preexisting negative views *alone* is not grounds to recuse.[9] As the Delaware Bankruptcy Court itself indicated in response to Debtor's arguments against transfer, Debtor's fear that the Bankruptcy Court's preexisting negative views might adversely impact Debtor in the case were ***premature***.[10]

6.      Moreover, unlike the cases Debtor relies upon, Appellants' basis for recusal was not a single fact or an isolated incident. For example, in *Hill v. Schilling*, after the court entered the final judgment, Albert Hill III moved to recuse the judge and set aside the judgment.[11] The sole basis for recusal was the trial court's wife's owning Exxon stock, which was a fact that had been known by the movant for years.[12] Similarly, in *Davies*, the movant sought to recuse the judge after the court entered a final judgment against the movant.[13] The sole basis for recusal in that case was the judge's prior employment as IRS Deputy Counsel and Acting Chief Counsel, which the judge had disclosed to the parties before trial.[14]

7.      Here, while there were concerns raised about the Bankruptcy Court having

---

[7] *Davies v. C.I.R.*, 68 F.3d 1129, 1130-31 (9th Cir. 1995) (citing *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d 1280, 1295 (9th Cir.1992)) (holding the timeliness of a recusal motion is determined from the point a judge's bias (or her appearance of bias) has manifested in the case (*i.e.*, after the grounds for recusal, beyond speculation, are actually known)).

[8] R. 2382, the December 2, 2019 Transcript, at 78:3-8 (emphasis added) (R. 2459).

[9] *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) ("we must ask how these facts would appear to a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.").

[10] R. 2382, the December 3, 2019 Transcript - Motion to Transfer, at 90:15-24 (R. 2471).

[11] *Hill v. Schilling*, 495 F. App'x 480, 483 (5th Cir. 2012).

[12] *Id*. at 483-84.

[13] *Davies v. C.I.R.*, 68 F.3d 1129, 1130-31 (9th Cir. 1995).

[14] *Id*.

3

preexisting negative views about Debtor's management (which the Bankruptcy Court essentially denied in the Order), the grounds for recusal in the Motion—*i.e.*, the Bankruptcy Court's inability to **set aside its bias**—did not begin to reveal itself until well into the Highland Bankruptcy (around the beginning of 2021). At that time, the Bankruptcy Court's actions and comments began to show a pattern of behavior that cast serious doubt on its impartiality moving forward. Specifically, it was not until the Bankruptcy Court's actions, including those described in paragraph 23 (a)-(h) below, strung together, demonstrated the Bankruptcy Court's proven inability to preside over matters involving Mr. Dondero with impartiality, that Appellants had grounds to file the Motion. In fact, the Confirmation Order, which was the sole order referenced by the Bankruptcy Court in its Order, was entered **just over a month before the Motion was filed**.

8.       Thus, Appellants did not have "all" or "almost all" of the grounds for recusal until that time. Moreover, despite Debtor's insistence to the contrary, "in considering the question of timeliness, **the actual time elapsed** between the events giving rise to the charge of bias or prejudice and the making of the motion **is not necessarily dispositive**."[15] Regardless, neither the Bankruptcy Court nor Debtor make any argument that the Motion was untimely with respect to the Adversary Proceedings—nor could they. The Motion, which seeks the Bankruptcy Court's recusal in the Adversary Proceeding, was filed soon after the Adversary Proceedings were filed and before any discovery or other action was taken in those cases.

9.       **Third**, "judicial economy" also does not permit the Bankruptcy Court to deny the Motion. Specifically, Debtor asserts that the Bankruptcy Court did not abuse its discretion because the "Bankruptcy Court has expended significant judicial resources overseeing the Highland Bankruptcy and Appellants' litigation."[16] However, judicial economy alone is not grounds to deny

---

[15] *Apple*, 829 F.2d at 333–34 (emphasis added).
[16] Debtor/Appellee's Br. at p. 37.

APP.5741

recusal. Moreover, when it recognized that predispositions developed ***during the course of a trial*** can create a valid basis for a bias or partiality motion, the Supreme Court necessarily recognized that judicial economy is not a basis to deny recusal under those circumstances.[17] If the expending of judicial resources alone was sufficient to deny recusal, then predispositions developed during a lawsuit (even as late as trial) could ***never*** serve as grounds for recusal. The Supreme Court has held otherwise.

10.      Regardless, as stated above, Appellants have moved to recuse the Bankruptcy Court from the various Adversary Proceedings, which are more recently filed (or abated); in which discovery had not yet occurred; and in which the Bankruptcy Court has not yet issued any rulings. Under those circumstances, the Fifth Circuit has held that assigning a case to a new judge would not disrupt judicial efficiency, particularly because full discovery has not yet occurred.[18] Debtor fails to explain how any judicial resources would be wasted by recusing the Bankruptcy Court from future contested matters or the Adversary Proceedings. While Debtor now opportunistically argues that the Court's institutional knowledge of the parties is so valuable that it should preclude recusal in the Adversary Proceedings, Debtor's same ***counsel*** previously admitted this knowledge was the kind of "baggage"[19] that justifies recusal.

11.      ***Fourth***, whether Appellants appealed any of the orders referenced in the Motion is irrelevant to timeliness. The only facts relevant to timing under the circumstances of *this* Motion, are: (a) what was demonstrated, over time, by and in the Bankruptcy Court's actions in connection with hearing the matters for which it issued the orders; and (b) when it became apparent, as a result of those actions, that Mr. Dondero would never be treated impartially by the Bankruptcy Court.

---

[17] *Liteky v. United States*, 510 U.S. 540, 554 (1994) (emphasis added).
[18] *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 893 (5th Cir. 2021).
[19] R. 2382, the December 3, 2019 Transcript - Motion to Transfer, at 78:3-8 (R. 2459) and 79:14-20 (R. 2460).

Debtor attempts to sidestep the fact that it was often the Bankruptcy Court's statements and findings about Mr. Dondero (or the tangential actions resulting from a hearing, *e.g.*, threatening sanctions against Mr. Dondero for opposing a facially-baseless motion filed by *Debtor*) that Appellants cited as support for the Motion.

12.   **Finally**, Debtor's claim that the Motion was filed on the eve of a contempt hearing regarding Mr. Dondero is irrelevant. The Motion was not a "fallback" position. Notably, none of the other movants were subject to any contempt hearing. Moreover, Appellants sought to recuse the Court from the Adversary Proceedings—not any contempt matter.

## C.  The Bankruptcy Court Erred in Denying the Motion on the Merits.

13.   "The appearance of impartiality controls the § 455 analysis,"[20] and the test is whether the "'average person on the street who knows all the relevant facts of a case'" might **reasonably question** the judge's impartiality.[21] As a result, the Fifth Circuit has held that "**[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal.**"[22] This standard makes it clear that there can be **no question** as to a Bankruptcy Court's impartiality. If there is, recusal is mandatory.

### 1.  Extrajudicial Bias is Not Necessary.

14.   An extrajudicial source is not required for recusal. Despite Debtor's conclusion, even the case law Debtor cites acknowledges this.[23] In addition, contrary to Debtor's assertion,[24] Appellants do not need to show a "due process" violation because depriving Appellants of the ability to make their case in an impartial forum is *per se* a due process violation.

---

[20] *Ferrera-Parra v. United Airlines, Inc.*, No. 4:19-CV-1053, 2021 WL 1795702, at *3 (S.D. Tex. Mar. 30, 2021) (citing *Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 473 (S.D. Tex. 2015)).
[21] *In re Kansas Pub. Employees Retirement Sys.*, 85 F.3d 1353, 1358 (8th Cir.1996).
[22] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (emphasis added).
[23] *See*, *Liteky v. United States*, 510 U.S. 540, 555 (1994).
[24] Debtor/Appellee's Br. at p. 48.

15.     The Due Process Clause requires impartial and disinterested tribunal in both civil and criminal cases.[25] Section 455 was enacted because litigants "ought not have to face a judge where there is a reasonable question of impartiality."[26] As a result, the Fifth Circuit has held that "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal."[27] Irrespective of whether the bias (or appearance of bias) is from an extrajudicial source, due process requires recusal *if* an objective observer might reasonably question the judge's impartiality.[28]

16.     In fact, in *Miller v. Sam Houston State Univ*, the Fifth Circuit recently remanded a case and granted appellant Miller's request to have the case reassigned (*i.e.*, recused the prior trial judge) because of the prior trial judge's actions ***in the course of the proceedings***. There, the prior trial judge had shown antagonism toward the plaintiff and favoritism toward the defendant through its actions in the course of the proceeding, including: (a) denying the plaintiff the right to discovery; and (b) issuing *sua sponte* orders against the plaintiff.

17.     Importantly, in *Miller*, there was no allegation of "extrajudicial source" of information to support this decision. Nevertheless, the Fifth Circuit concluded that: (a) "Miller, like every litigant, is entitled to a full and fair opportunity to make her case in a fair and impartial forum; (b) "fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside;" and (c) "Justice must satisfy the appearance of justice."[29]

---

[25] *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980); *see also Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) ("It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process."); see also *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971) (per curiam) ("Trial before 'an unbiased judge' is essential to due process.") (quoting *Bloom v. Illinois*, 391 U.S. 194, 205 (1968)).

[26] H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355.

[27] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (emphasis added).

[28] *Liteky*, 510 U.S. at 554; *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 893 (5th Cir. 2021).

[29] *Miller*, 986 F.3d at 893.

7

APP.5744

18.    Applying the same recusal standard that is at issue here, the Fifth Circuit in *Miller* held that "the district judge's conduct from the outset of Miller's cases 'might [, at the least,] reasonably cause an objective observer to question [the judge's] impartiality.'"[30] The Fifth Circuit further found that the "cumulative weight of ***both prejudicial comments*** and ***peremptory rulings*** by the district judge leads us to conclude that 'the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his mind ... previously-expressed views ... [and that] reassignment is advisable to preserve the appearance of justice[.]'"[31] Thus, extrajudicial knowledge is not necessary, and due process mandates an objective trier of fact, irrespective of the source of the bias.

19.    Regardless, in its Order, the Bankruptcy Court contends that: (a) it does not recall any specific ruling from the *Acis* case relating to Mr. Dondero;[32] (b) it only recalls Mr. Dondero testifying once in court during the *Acis* case;[33] and (c) it has vague recollection that deposition testimony may have been presented another time.[34] Nevertheless, the Bankruptcy Court prefaced a statement in a hearing in the Highland Bankruptcy with the phrase, ***"[i]f you can trust Mr. Dondero… ."***[35] At that time, Mr. Dondero had not testified in the Highland Bankruptcy, and the Bankruptcy Court now claims that it does not recall any prior testimony from the *Acis* case. More importantly, there is no evidence from *any* current or prior proceeding (involving the Bankruptcy Court or otherwise) in which Mr. Dondero made any misrepresentation or was otherwise impeached. As a result, in its own Order, the Bankruptcy Court has indicated that it has made statements regarding the credibility of Mr. Dondero that must be based on an extrajudicial

---

[30] *Id.*
[31] *Id.*
[32] R. 31, Order at p. 8 (R. 38).
[33] *Id.* at p. 9 (R. 39).
[34] *Id.*
[35] R. 2610, the February 19, 2020 Transcript, at 174:22-175:1 (emphasis added) (R. 2783-2784).

8

source(s).

**2. The Evidence Demonstrates Deep-Seated Antagonism (Against Appellants) and Favoritism (Toward Parties Adverse to Appellants).**

20.     Debtor asserts that the Bankruptcy Court did not abuse its discretion in denying the Motion because the issues Appellants complain of do not amount to the types of "exceptional circumstances warranting recusal."[36] Specifically, Debtor, attempting to mischaracterize the facts and Appellants' position, asserts that "judicial remarks that are critical or disapproving of, or even hostile to, ***counsel for the parties*** or their cases, ***ordinarily*** do not support a bias or partiality challenge."[37]

21.     However, the Fifth Circuit has recognized that section 455(a) claims are fact-driven, and, as a result, the analysis of a particular section 455(a) claim must be guided, not by a comparison to similar situations addressed by prior jurisprudence, but, rather, by an independent examination of the unique facts and circumstances of the particular claim at issue.[38] While none of the cases Debtor cites are similar to this case, Appellants do not complain about remarks from the Bankruptcy Court about or toward counsel, and Debtor does not cite to a single remark toward counsel that it contends forms the basis of the Motion. Instead, like in *Miller*, Appellants seek recusal because prejudicial comments and peremptory rulings by the Bankruptcy Court might reasonably cause an objective observer to question the Bankruptcy Court's impartiality toward Appellants.

22.     While Debtor attempts to address the merits of the Court's ultimate ruling on the pleadings discussed in the Motion (and, in doing so, often tries to substitute its unsupported, speculative, and subjective belief to justify why the Bankruptcy Court took a certain action or

---

[36] Debtor/Appellee's Br. at 49.
[37] Debtor/Appellee's Br. at p. 50 (emphasis added).
[38] *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

made a certain statement), Debtor mischaracterizes the record. For example:

    a.  with respect to the Bankruptcy Court's comments and actions involving the PPP loan, Debtor states "*[b]ecause of the vagueness of the article*, the Bankruptcy Court sought information about the Debtor and ordered it to disclose any PPP loans it had received."[39] There is nothing to support the Debtor's subjective speculation. The undisputed facts are that no party raised the issue of the PPP loans with the Bankruptcy Court; the PPP loans had nothing due with Debtor; and the fact that the Bankruptcy Court required the disclosure regarding the PPP loans demonstrates a clear targeting of Mr. Dondero;

    b.  there is no evidence that Mr. Dondero caused any motion to be filed. Contrary to Debtor's assertion, Mr. Norris simply testified that: (i) the Board did not adopt a formal resolution approving that the Restriction Motion be filed;[40] and (ii) the Board approved of the filing;[41] and

    c.  despite the Debtor's attempt to downplay the Bankruptcy Court's vexatious litigant finding as an "analogy," this is a gross misrepresentation. The Bankruptcy Court went much further than that and clearly held that Appellants were vexatious litigants, despite no evidence or request "per se" from a party for this finding.[42]

23.    Moreover, Debtor ignored the numerous issues and comments that were made by the Bankruptcy Court in connection with the hearings and proceedings, which Appellants raised as grounds for recusal in the Motion. For example, Debtor does not address, whatsoever, the fact that:

    a.  The Bankruptcy Court, which is now denying any preexisting view of Mr. Dondero, suggested Mr. Dondero was not trustworthy before he gave any testimony in the Highland Bankruptcy;

    b.  The Bankruptcy Court refused to release funds that indisputably belonged to a non-debtor merely because the non-debtor was associated with Mr. Dondero;

    c.  The Bankruptcy Court has pre-judged lawsuits filed by entities the Bankruptcy Court deemed to be "controlled" by Mr. Dondero as

---

[39] Debtor/Appellee's Br. at pp. 28-29 (emphasis added).
[40] *See* the Transcript of the hearing on the Restriction Motion at 37:14-38:6 (R. 6261-6262).
[41] *Id*. at 30:2-6 (R. 6254).
[42] *See* the Transcript of the hearing on the Confirmation at 45:12-47:17 (R. 6592-6594).

APP.5747

"vexatious," despite admitting it had not yet read the lawsuits;

d. The Bankruptcy Court repeatedly threatened to sanction Mr. Dondero (not counsel) for actions taken by third-parties, including for defending a baseless mandatory injunction motion that *Debtor* filed;

e. The Bankruptcy Court has applied a different set of rules and standards to Appellants than it has applied to parties adverse to Appellants;

f. The Bankruptcy Court deemed Appellants vexatious litigants without notice (and based on lawsuits in which Appellants were not even parties);

g. The Bankruptcy Court has denied Appellants' request to have Debtor provide statutorily required disclosures, deeming them burdensome, while simultaneously requiring Appellants and others to disclose that same information without any legal basis; and

h. The Bankruptcy Court recommended claims for opposing counsel to bring against Appellants in order to thwart Appellants' attempt to withdraw the reference.

None of these issues, which are unaddressed in the Order or Debtor's brief, are criticism of counsel. Indeed, neither the Bankruptcy Court nor Debtor even attempt to argue that the above-described acts constitute criticism of counsel.

24.     Finally, Debtor attempts to make a smokescreen argument out of the fact that Appellants did not appeal all the orders referenced in the Motion. First, a lack of appeal is irrelevant to whether the Bankruptcy Court is biased. Importantly, as stated above, Appellants' description of the pleadings, hearings, and rulings referenced in the Motion were often to illustrate the Bankruptcy Court's bias as demonstrated in, *e.g.*, its comments, ancillary findings, and threats against Mr. Dondero in connection with those hearings. Moreover, the Confirmation Order was appealed and, as to the other proceedings referenced, there was either no order to appeal or the orders were not appealable at the time.[43]

---

[43] Specifically: (a) Motion to Transfer – as stated above, based upon the Delaware Bankruptcy Court's statement that the Bankruptcy Court must set aside any perceived bias, the Debtor (represented by its current counsel) opted not to appeal; (b) Compromise and Application to Employ – At this point, Mr. Dondero relinquished and/or had relinquished

25.     Here, the evidence in the Motion shows that the Bankruptcy Court's actions reveal such a high degree of antagonism toward Appellants (and favoritism toward any party adverse to Appellants) to make fair judgment impossible and, regardless, create a perception where impartiality would be reasonably questioned. Appellants have been sued in various Adversary Proceedings in which the Bankruptcy Court will act as both judge and jury. It will be tasked with listening to evidence and objectively applying the evidence to the elements of each cause of action. A reasonable person would question the Bankruptcy Court's ability to do so in any proceeding (especially the Adversary Proceedings). As such, recusal is proper and necessary, and the Order denying same was an abuse of discretion.

## CONCLUSION AND PRAYER

FOR THE FOREGOING REASONS, Appellants respectfully request that the Court reverse the Bankruptcy Court's order denying Appellants' Motion to Recuse; order that the Bankruptcy Court is recused from the Adversary Proceedings and any future contested matters involving Appellants or any entity connected to Mr. Dondero; and grant Appellants all other further relief, at law or equity, to which they are justly entitled.

---

control, and Debtor did not appeal; (c) DAFT's Motion to Release Funds – There was no order to appeal. The Bankruptcy Court acknowledged that it could not withhold the funds but gave the opposition time to file a request for injunction. The Bankruptcy Court acknowledged that, outside of such motion, it had to release the funds. No motion was ever filed, but the Bankruptcy Court has never released the funds; (d) Restriction Motion – The issue raised with the Restriction Motion was not appealable. Appellants' inclusion of the Restriction Motion in the Motion was due to the fact that, despite an express statutory basis for the request, the Bankruptcy Court threatened Mr. Dondero with sanctions; (e) Examiner Motion – Here, there was no order to appeal because the Bankruptcy Court declined to set the motion until after the confirmation of the plan—rendering it moot; and (f) Injunction – There was no order to appeal.

Dated: August 11, 2021

By: */s/ Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
***Counsel for Appellants***

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that: (a) this document complies with the limitations of FED. R. BANKR. P. 8015(a)(7) because, excluding the parts of the document exempted by FED. R. BANKR. P. 8015(g), this document does not exceed 15 pages and contains 4,335 words; and (b) document complies with the typeface requirements of FED. R. BANKR. P. 8015(a)(5) and the type-style requirements of FED. R. BANKR. P. 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft word, version 2008, in size 12, Times New Roman.

*/s/ Michael J. Lang*
Michael J. Lang

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 11, 2021, a true and correct copy of the above and foregoing document was served on all parties of record via the Court's e-filing system.

*/s/ Michael J. Lang*
Michael J. Lang

APP.5750