Case No. 3:21-cv-00879-K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES DONDERO, et al.,

**Appellants**,

v.

HON. STACEY G. C. JERNIGAN,

**Appellee**.

On Appeal from the United States Bankruptcy Court
Northern District of Texas, Dallas Division
The Honorable Stacey G. C. Jernigan, United States Bankruptcy Court

In re: Highland Capital Management, L.P.
Case No. 19-34054

**DEBTOR'S RESPONSE TO APPELLANTS' BRIEF REGARDING THE
COURT'S DECEMBER 10, 2021 MEMORANDUM OPINION AND ORDER**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

Highland Capital Management, L.P., the reorganized debtor (the "Debtor" or "HCMLP")[1] in the above-captioned chapter 11 case and intervenor in this appeal (the "Appeal") from an order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), by and through its undersigned counsel, hereby files this response to the *Appellants' Response to the Court's December 10, 2021 Memorandum Opinion and Order* filed on December 15, 2021 [Docket No. 29] (the "Appellants' Brief") pursuant to this Court's *Memorandum Opinion and Order* [Docket No. 28] (the "Memorandum Opinion")[2] issued on December 12, 2021. In support of this response, the Debtor respectfully states as follows:

### A. The Recusal Order Is Not an Appealable Interlocutory Order under Controlling Fifth Circuit Law

1. The Memorandum Opinion correctly sets forth the long-standing rule in the Fifth Circuit that "the denial of a recusal motion is not an appealable interlocutory order or appealable collateral order." *Willis v. Kroger*, 2001 U.S. App LEXIS 31841 (5th Cir. June 13, 2001) (unpublished); *United States v. Henthorn*, 1995 US. App LEXIS 42268 (5th Cir. Aug. 23, 1995) (unpublished); *Nobby Lobby, Inc. v. Dallas*, 970 F.2d. 82, 86 n.3 (5th Cir. 1992) ("We decline to review the court's denial of the City's motion to recuse, however, because the judge's opinion is not an appealable interlocutory order under 28. U.S.C. § 1292(a)"); *Friendly Fin. Serv. - Eastgate Inc. v Dorsey (In re Dorsey)*, 489 F. App'x 763 (5th Cir. Oct. 12, 2012) ("The denial of a motion to disqualify is not an appealable final order under 28 U.S.C. § 1291, is not subject to the collateral order doctrine, and is not an appealable interlocutory order under 28 U.S.C. § 1292(a)."); *Steering*

---

[1] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, as modified (the "Plan"). The Plan became effective on August 11, 2021.

[2] Unless otherwise noted, (i) capitalized terms used herein have the same meanings ascribed in the Memorandum Opinion, and (ii) statutory references herein refer to title 28 of the United States Code.

*Comm. v Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980) ("Disqualification questions are fully reviewable on appeal from final judgment"); *In re Schweitzer*, 2007 Bankr. LEXIS 75033, *2 (E.D. La. Oct.9, 2007) ("the law is quite clear that an order denying disqualification of a judge is an interlocutory order for which no appeal lies prior to final judgment in the case"); *Moerbe v. U.S. Horticultural Supply, Inc. (In re Moerbe)*, 2005 U.S. Dist. LEXIS 32468, *8 (W.D. Tex. September 1, 2005) ("Because an 'order denying a motion to recuse or disqualify a judge is interlocutory, not final, and is not immediately appealable,' it would seem to follow that the order in this case granting the recusal but denying its permanency is likewise interlocutory") (quoting *In re Am. Ready Mix*, 14 F.3d 1497, 1499 (10th Cir. 1994)). Thus, the rule in the Fifth Circuit is crystal clear: denial of a recusal motion is not an appealable interlocutory order or an appealable collateral order.

2. Appellants do not dispute these holdings. Rather, Appellants urge the Court to simply disregard the long line of Fifth Circuit authority holding that orders denying a judge's recusal are interlocutory orders. Instead, Appellants propose that the Court apply section 158(a) and then determine that the Recusal Order is a final order because the rule for bankruptcy finality should be "considered more liberally or flexibly."[3] This argument should be rejected. First, as noted above, the law in the Fifth Circuit is clear that appeals of orders denying recusal orders are *interlocutory orders*. Those decisions apply to the recusal of both bankruptcy and district court judges, as section 455(a) applies to "justices, judges, and magistrate judges."[4] Therefore, section

---

[3] Appellants' Brief ¶ 4.

[4] Section 455(a) does not distinguish between bankruptcy judges, district court judges, or appellate judges and broadly states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality may be questioned." 28 U.S.C. § 455(a). Appellants acknowledge that section 455(a) applies to bankruptcy judges because they characterize the issues on appeal as "[w]hether the Bankruptcy Court abused its discretion in denying Appellants' Motion to Recuse Pursuant to 28 US.C. § 455 as untimely" and "[w]hether the Bankruptcy Court abused its discretion in denying Appellants' Motion to Recuse Pursuant to 28 U.S.C. § 455 on the merits." *Appellants' Brief* [Docket 16] at 1 ("Appellants' Opening Brief").

158(a)(1) (which grants district courts appellate jurisdiction over final judgments, orders, and decrees)[5] and section 1291(a) (which grants courts of appeals jurisdiction over final orders of district courts) are completely inapplicable to the issues raised in the Memorandum Opinion. Appellants' references to the finality of orders under either section 158(a)(1) or section 1291 are irrelevant because those statutes do not apply to interlocutory orders. The only available avenues to appeal the interlocutory Recusal Order are if it: (1) falls into any of the enumerated subsections of section 1292(a)[6] allowing for appellate jurisdiction over certain categories of interlocutory appeals (which it does not); (2) falls within the collateral order exception doctrine articulated by the Supreme Court[7] (which it does not, for the reasons discussed below); or (3) if this Court, in its discretion, finds that the appeal should be granted by leave only if Appellants can satisfy the applicable stringent standards for discretionary appeals (which they do not, as discussed below).

3. Appellants acknowledge that the Fifth Circuit has not addressed the finality of an order denying a recusal order under section 158(a), as they request this Court to do.[8] Appellants primarily rely on two cases to support their attempted end-run around applicable Fifth Circuit law

---

[5] Section 158(a)(1) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgements, orders and decrees . . . ." 28 U.S.C. § 158(a)(1).

[6] Section 1292(a) governs the court's jurisdiction of appeals from interlocutory orders and provides as follows:

  (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

  (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

  (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

  (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

28 U.S.C. § 1292(a).

[7] *See Cohen v. Beneficial Indus. Loan Corp.*, 69 S. Ct. 1221 (1949).

[8] Appellants' Brief ¶ 14.

but neither even addresses the issue of recusal. The narrow issue in *Bartee v Tara Colony Homeowners Ass'n (In re Bartee)*[9] was an appeal of an order sustaining a creditor's objection to a chapter 13 bankruptcy plan.[10] The Fifth Circuit prefaced its analysis by noting "[s]ince this case *does not involve interlocutory orders*, injunctions, or any other orders specified in § 1292, we have jurisdiction over this case only to the extent that the judgments below are considered 'final' within the meaning of § 158 or § 1291."[11] Yet this Appeal *does* involve an interlocutory order, so *Bartee* is inapplicable (in addition to being factually inapposite because it addressed the finality of a chapter 13 plan).

4. Appellants also heavily rely on *Ritzen Grp. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020). However, *Ritzen* is also legally and factually inapposite to the instant Appeal. *Ritzen* addressed another narrow issue regarding the finality of a bankruptcy court's order denying a creditor's request for relief from the automatic stay.[12] The Supreme Court held that the adjudication of a motion for relief from stay "forms a discrete procedural unit within the embracive bankruptcy case. That unit yields a final, appealable order when the bankruptcy court *unreservedly* grants or denies relief."[13] The Supreme Court therefore relied on the bankruptcy court's order "conclusively denying that the motion is 'final' and that the "order ended the stay relief adjudication and left nothing more for the Bankruptcy Court to do in that proceeding."[14]

---

[9] 212 F.3d 277 (5th Cir. 2000).

[10] *Id.* at 280.

[11] *Id.* at 282 (emphasis added).

[12] *Ritzen*, 140 S. Ct. at 586 ("The precise issue the Court today decides: Does a creditor's motion for relief from the automatic stay initiate a distinct proceeding in a final appealable order when the bankruptcy court rules dispositively on the motion?")

[13] *Id.* (emphasis added).

[14] *Id.* at 592.

5. *Ritzen* is not applicable to the case *sub judice* for several reasons. **First**, even in the limited context of the appeal of a relief-from-stay order that *Ritzen* addressed, the Supreme Court held that the order had to "conclusively" deny the motion as "final" in order for it to be immediately appealable. On this critical issue, the Supreme Court stated it did "not decide whether finality would attach to an order denying stay relief if the bankruptcy court enters it 'without prejudice' because further developments might change the stay calculus"[15] This is precisely the issue identified by this Court in the Memorandum Opinion by which Judge Jernigan "reserve[d] the right to supplement or amend this ruling" in the Recusal Order.[16] The Recusal Order is not final because, as noted in *Ritzen*, Judge Jernigan's potential future supplementation or amendment of the Recusal Order "might change the calculus" of the order.

6. **Second**, the Supreme Court expressly limited its decision to the issue of whether the conclusive denial of a motion for relief from the automatic stay was a final order capable of immediate appeal. *Ritzen* does not address the standard for the appeal of recusal orders, which are interlocutory orders in this Circuit.[17]

7. **Third**, Appellants' attempt to equate a court's final adjudication of a relief-from-stay order with the denial of a recusal motion misstates the holding of *Ritzen*. Unlike a relief-from-stay order, recusal of a judge is not a "procedural unit" separate from the remaining case.[18] A relief-from-stay proceeding constitutes a discrete dispute within the larger context of the general bankruptcy case. The basis for the *Ritzen* holding is that the adjudication of the stay-relief motion "determines whether a creditor can isolate its claim from those of other creditors and go it alone

---

[15] *Id.* n.4.

[16] ROA Vol.1 (Doc No. 9-1) at 42.

[17] *See supra* n.5.

[18] *Ritzen*, 140 S. Ct. at 591.

outside of bankruptcy."[19]  However, the Recusal Order is not a discrete issue within the larger case.  It affects the entire case as Appellants seek to recuse Judge Jernigan from presiding over all matters arising under the chapter 11 case, including the more than fifteen pending adversary proceedings that are currently before her.

8.  None of the cases cited by Appellants rebut the authorities cited in the Memorandum Opinion demonstrating that the Recusal Order is interlocutory.  Appellants' attempt to evade the Fifth Circuit law holding that orders denying recusal are interlocutory should be rejected.

**B.  Fifth Circuit Law Provides that Recusal Orders Do Not Fall Within the Collateral Order Doctrine**

9.  Appellants next argue that if the Recusal Order is not a final order (which it is not), the collateral-order doctrine should apply.[20]  But as noted above, the Fifth Circuit has already ruled that orders denying recusal motions are not appealable collateral orders.[21]  In addition, the bankruptcy court's ruling on a motion to recuse must "conclusively and clearly decide the existence of a conflict of interest" for the collateral-doctrine exception to apply.[22]  The Recusal Order does not conclusively and clearly decide this issue because Judge Jernigan reserved the right to supplement or amend the Recusal Order.  Finally, the collateral-order doctrine does not apply to this Appeal because the Recusal Order is not "effectively unreviewable on appeal."  As the Fifth Circuit explained, "[d]isqualification questions are *fully reviewable on appeal from final judgment*.

---

[19] *Id*. at 590.

[20] To fall within *Cohen's* collateral order doctrine, an "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."  *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 171 (5th Cir. 2009).

[21] *Willis*, 2021 U.S. App. LEXIS 31841, at *1 (citing *Nobby Lobby*, 970 F.2d at 85-86 & n.3); *Bank of Am. v. Weil Gotshal & Manges (In re Global Marine),* 108 B.R. 1007, 1008 (S.D. Tex. 1988); *Dorsey*, 489 F. App'x 763 (denial of a motion to disqualify is not subject to the collateral-order doctrine).

[22] *Global Marine*, 108 B.R. at 1008.

Precisely because disqualification issues are reviewable following entry of judgment, as a threshold matter the *Cohen* doctrine is unavailing."[23] Therefore, the collateral-order doctrine is not applicable to the Appeal.

C. **Appellants Never Filed a Motion for Leave to Appeal the Recusal Order as an Interlocutory Order and Have Not Satisfied the Standards for Discretionary Appeal**

10. Appellants' final argument is that the Recusal Order may be immediately appealable as an interlocutory order through leave of this Court pursuant to section 1292(b).[24] Interlocutory appeals are, as noted by Judge Fish, "'sparingly granted' and reserved for 'exceptional cases.'"[25] Appellants have never moved for an interlocutory appeal as required under Rule 8004(a) of the Federal Rules of Bankruptcy Procedure. Even if the Court were willing to treat the notice of appeal as a motion for leave to appeal, the standards governing interlocutory appeals cited in Appellants' Brief are not satisfied in this case. First, there is no "controlling issue of law involved" here. Appellants want Judge Jernigan recused because they allege her to have an "undeniable animus against Mr. Dondero and the resulting prejudicial effect that animus has on the due process rights of Mr. Dondero, the Trusts and the Affected Entities."[26] This Appeal therefore does not involve any controlling issue of law. Second, there is no substantial ground for difference of opinion in this Appeal. A substantial ground for difference of opinion exists when "'a trial court rules in manner which appears contrary to the rulings of all Court of Appeals which

---

[23] *Corrugated Container*, 614 F.2d at 960-61 (emphasis added; citations omitted).

[24] The determination of whether to grant leave to appeal an interlocutory order from a bankruptcy court is the standard used under section 1292(b). *In re Bernardi & Assocs. v. I. Kunik Co. (In re Delta Produce)*, 2013 U.S. Dist. LEXIS 91579 (W.D. Tex. June 28, 2013). The standard consists of the following elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of litigation. *Id*. at **5-6.

[25] *Balestri v. Hunton & Williams LLP (In re Hallwood Energy)*, 2013 U.S. Dist. LEXIS 18165 at *6 (N.D. Tex. Feb. 11, 2013).

[26] *See* Appellants' Opening Brief ¶ 31.

have reached the issue.'"[27] There is nothing in the record of this Appeal that demonstrates that the Recusal Order is contrary to the rulings of the Fifth Circuit. Rather, the Recusal Order extensively cites controlling authorities in the Fifth Circuit governing a motion to recuse.[28] As to the third factor, immediate appeal will not advance the ultimate termination of litigation. Appellants, along with their related entities, have filed several civil actions and appeals of orders of the Bankruptcy Court, including an appeal of the order confirming the Debtor's Plan which is currently pending before the Fifth Circuit. The resolution of this Appeal will (unfortunately) not advance the termination of the morass of litigation that has enveloped the Debtor's chapter 11 case, which litigation addresses many substantive issues unrelated to Appellants' request to recuse Judge Jernigan from the bankruptcy case.[29]

## Conclusion

For the reasons set forth herein and in the Memorandum Opinion, Appellants have not established that the Court has appellate jurisdiction to directly review the Recusal Order because it is an interlocutory order, the collateral doctrine exception is not applicable to this case, and Appellants cannot satisfy the standards for a discretionary appeal to the extent that the Court is even willing to consider that relief.

---

[27] *Bernardi*, 2013 U.S. Dist. LEXIS 91579 at *10 (quoting *In re Cent. Grain Co-op*, 489 B.R. 403, 412 (Bankr. M.D. La. 2013)).

[28] ROA Vol.1 (Doc No. 9-1) at 5-10 (Judge Jernigan's reliance on among other cases, *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995); *Davis v. Board of School Comm'rs*, 517 F.2d 1044 (5th Cir. 1975); and *Chitmacha Tribe of La. v. Harry L. Laws Co*, 690 F.2d 1157 (5th Cir. 1982), with respect to standards governing recusal).

[29] Appellants also request that the Court treat the Appeal as a petition for a writ of mandamus. The Memorandum Opinion required briefing "on the discrete issue of the Court's appellate jurisdiction." The Debtor submits this request is not appropriate under the terms of the Memorandum Opinion, should be denied, and in any event, is not appropriate for the reasons articulated herein. *See In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) (petition for writ of mandamus will not lie in the absence of extraordinary circumstances with respect to appeal of denial of recusal motion); *Corrugated Container Antitrust Litig.*, 614 F.2d at 961 ("In addition to their claim that the decision of the district court is immediately appealable . . . defendants 'out of an abundance of caution' also petition for a writ of mandamus. The contention does not merit extended discussion. We refuse issuance of the writ").

| | |
|---|---|
| Dated: December 20, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>  ikharasch@pszjlaw.com<br>  jmorris@pszjlaw.com<br>  gdemo@pszjlaw.com<br>  hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF SERVICE

      I hereby certify that, on December 20, 2021, a true and correct copy of the foregoing response was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

      */s/ Zachery Z. Annable*
      Zachery Z. Annable