IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: HIGHLAND CAPITAL MANAGEMENT, L.P., <br> Debtor § <br><br> JAMES DONDERO, *et al.*, <br><br> Appellants, <br><br> v. <br><br> HON. STACEY G. C. JERNIGAN, <br><br> Appellee. | § § § § § § § § § § § § § § § § | Civil Action No. 3:21-CV-0879-K |

# MEMORANDUM OPINION AND ORDER

Appellants James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC. f/k/a HCRE Partners, LLC's (collectively "Appellants") appeal the Bankruptcy Court's Order Denying [Appellants'] Motion to Recuse Pursuant to 28 U.S.C. § 455 which was entered March 23, 2021. *See generally* Am. Notice of Appeal (Doc. No. 1-1); Appellants' Br. (Doc. No. 16). Because the Court lacks jurisdiction over this appeal, the Court hereby **dismisses** this appeal.

I. Relevant Background

Appellants filed a Motion to Recuse under § 455 with the Bankruptcy Court, asking United States Bankruptcy Judge Stacey G. C. Jernigan (the "Bankruptcy Judge") to recuse herself from presiding over the bankruptcy proceeding of Debtor Highland Capital Management, L.P. In an 11-page Order Denying Motion to Recuse Pursuant to 28 U.S.C. § 455 ("Recusal Order"), the Bankruptcy Judge denied the Motion while also reserving the right to supplement or amend the ruling. *See* Am. Notice of Appeal (Doc. No. 1-1) at 5-15. The Bankruptcy Court entered the Recusal Order on March 23, 2021. *See id.*; Appellants' Br. (Doc. No. 16). On April 18, 2021, the Clerk of the Bankruptcy Court transmitted the Notice of Appeal filed by Appellants on April 6, 2021. *See generally* Doc. No. 1. It is the Recusal Order that forms the basis of this appeal. *See id.* Appellants designated the Bankruptcy Judge as "Appellee". *See id.*

Before appellate briefing began, Debtor Highland Capital Management, L.P. moved the Court for leave to intervene in this appeal. *See* Mot. to Intervene (Doc. No. 2). Debtor Highland Capital Management, L.P. argued that it is the real party-in-interest, not the Bankruptcy Judge. Mot. to Intervene at 3. After the Motion to Intervene was fully briefed and ripe, the Court granted the Motion and allowed Debtor Highland Capital Management, L.P. ("Debtor/Intervenor") to file a responsive brief as accorded to an appellee under the bankruptcy rules. *See generally* Order (Doc. No. 10).

Appellants then filed their Appellants' Brief identifying and arguing two issues on appeal: (1) whether the Bankruptcy Court abused its discretion in denying Appellants' Motion to Recuse Pursuant to 28 U.S.C. § 455 as untimely; and (2) whether the Bankruptcy Court abused its discretion in denying Appellants' Motion to Recuse Pursuant to 28 U.S.C. § 455 on the merits. Appellants' Br. at 1. Intervenor/Debtor filed an Appellee's Brief in response (Doc. No. 20), and Appellants filed their Reply Brief (Doc. No. 23). The Bankruptcy Record on Appeal does not reflect that a final judgment has been entered by the Bankruptcy Court in this matter.

Upon an initial review of the appellate briefing, the Court *sua sponte* questioned its jurisdiction over this appeal. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). The Court issued an Order (Doc. No. 28) directing the parties to file briefs, respectively, addressing this Court's jurisdiction over an appeal of the Bankruptcy Judge's order denying a motion to recuse when final judgment has not yet been entered. The parties timely filed their respective jurisdictional briefs, and the Court has carefully considered the arguments, the applicable and binding law, and relevant portions of the record. The Court turns now to this threshold jurisdictional issue.

II. Applicable Law

Section 455 of Chapter 28 of the United States Code provides, in relevant part, that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings.

28 U.S.C. § 455(a) & (b)(1). Bankruptcy Rule 5004(a) provides that "A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case." FED. R. BANKR. P. 5004(a).

District courts have jurisdiction over appeals from the following entered by a bankruptcy judge:

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a).

ORDER – PAGE 4

III. Analysis

    A.    Recusal Order is an Interlocutory Order and Not Immediately Appealable as a Matter of Right

It is well-established law in the Fifth Circuit that a court's order denying a recusal motion is not a final order, is not an appealable interlocutory order, and is not an appealable collateral order, therefore it is reviewable on appeal only from final judgment. *Willis v. Kroger*, 263 F.3d 163, 163 (5th Cir. 2001); *United States v. Henthorn*, 68 F.3d 465, 465 (5th Cir. 1995); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1164 n.3 (5th Cir. 1982); *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 960 (5th Cir. 1980); *Martin v. Driskell*, 2021 WL 4784756, at *1 (5th Cir. July 12, 2021); *In re Gordon*, 2019 WL 11816606, at *1 (5th Cir. Apr. 10, 2019); *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, Civ. Action No. 3:18-CV-1737-E-BN, 2020 WL 853859, at *2 (N.D. Tex. Jan. 30, 2020), *adopted by* 2020 WL 833645 (Feb. 20, 2020)(Brown, J.); *Prather v. Dudley*, Civ. Action No. 9:06cv100, 2006 WL 3317124, at *2 (E.D. Tex. Oct. 18, 2006); *Hardy v. Fed. Express Corp.*, No. Civ.A 97-1620, 1998 WL 104686, at *1 (E.D. La. Mar. 6, 1998). Moreover, both the Fifth Circuit and district courts in this Circuit have applied this very clear, decades-old law in appeals taken from a bankruptcy court's order denying a motion to recuse. *In re Dorsey*, 489 F. App'x 763, 764 (5th Cir. 2012); *In re Schweitzer*, Civ. Action No. 07-4036, 2007 WL

2965045, at *1 (E.D. La. Oct. 9, 2007); *In re Moerbe*, No. 03-57260-LMC/04-5043-LMC/SA-04-CA-801-FB, 2005 WL 3337634, at *3 (W.D. Tex. Sept. 1, 2005).

In this case, the Bankruptcy Record on Appeal does not establish that a final judgment has been entered. The law in the Fifth Circuit specifies that a court's order on a motion to disqualify the judge "is not an appealable final order" and "a party 'must await final judgment to appeal [a] judge's refusal to recuse.'" *In re Dorsey*, 489 F. App'x at 764 (holding court was without jurisdiction to review bankruptcy court's decision on motion to recuse because, although final judgment had been entered, the appeal of it had not yet been resolved). Appellants attempt to get around this law by arguing that the courts have considered the "finality" of an order on a motion to recuse only under 28 U.S.C. § 1291 (which applies to jurisdiction of courts of appeals over appeals from final orders of district courts) and not § 158(a) (which applies to jurisdiction of district court over appeals from bankruptcy court orders). Appellants contend this is crucial because the bankruptcy appellate statute, § 158(a), applies here and that statute contemplates the more liberal and flexible "finality" standard accorded to bankruptcy courts, rather than the finality standard under § 1291 pertaining to district court orders. Resp. Br. (Doc. No. 31) at 2-7.

The Court rejects Appellants' suggestion that the Court should or even can construe this Recusal Order under a different "finality" standard mere because the

ORDER – PAGE 6

Bankruptcy Court entered it. There is nothing in the Court's own research, nor anything provided by Appellants, to suggest that the Court should ignore this binding precedent and apply a more liberal and flexible "finality" standard to this appeal of the Recusal Order merely because it is an order of the Bankruptcy Court. Indeed, courts in this Circuit have not hesitated in applying this well-settled law to an appeal of a bankruptcy court order on a motion to recuse. *See, e.g., In re Schweitzer*, 2007 WL 2965045, at *1 (court found jurisdiction lacking over appeal from bankruptcy court's order denying motion to recuse because "the law is quite clear that an order denying a motion to disqualify a judge is an interlocutory order from which no appeal lies prior to final judgment in the case."); *In re Moerbe*, 2005 WL 3337634, at *3 ("Because an order denying a motion to recuse or disqualify a judge is interlocutory, not final, and is not immediately appealable, it would seem to follow that the [the bankruptcy court's] order in this case granting recusal but denying its permanency is likewise interlocutory."). The Court finds no justification for straying from the well-settled law in the Fifth Circuit and finds that the Bankruptcy Court's Recusal Order is not a final appealable order.

The Court also finds that the Recusal Order is not subject to the collateral order doctrine and it is not an interlocutory order that is not immediately appealable. Appellants ask the Court to treat the Recusal Order as subject to the collateral order

ORDER – PAGE 7

doctrine. The Court rejects this request as there is no legal basis for doing so. Appellants again ignore very clear Fifth Circuit law that a court order denying a recusal motion is not an appealable collateral order. *Willis*, 263 F.3d at 163 (citing *Nobby Lobby*, 970 F.2d at 85-86 & n.3); *Henthorn*, 68 F.3d at 465; *Chitimacha Tribe of La.*, 690 F.2d at 1164 n.3; *In re Corrugated Container Antitrust Litig.*, 614 F.2d at 960; *In re Dorsey*, 489 F. App'x at 764; *Martin*, 2021 WL 4784756, at *1; *In re Gordon*, 2019 WL 11816606, at *1. There is no justification to stray from this well-settled law. Moreover, the Recusal Order is not an appealable interlocutory order under § 1292(a). *Nobby Lobby*, 970 F.2d at 85-86 & n.3; *In re Dorsey*, 489 F. App'x at 764.

For these reasons, the Court finds, as it must, that the Recusal Order is an interlocutory order from which no appeal lies prior to the Bankruptcy Court entering a final judgment. *See Willis*, 263 F.3d at 163; *Nobby Lobby*, 970 F.2d at 85-86 & n.3; *In re Corrugated Container Antitrust Litig.*, 614 F.2d at 960. Therefore, the Court lacks jurisdiction over this appeal.

### B. Leave to Bring an Interlocutory Appeal

Appellants' last hope for their appeal is securing leave of this Court to bring an interlocutory appeal of the Recusal Order. 28 U.S.C. § 158(a)(3) (district courts may hear appeals "with leave of the court, from other interlocutory orders" of the bankruptcy court). Appellants were required to file a motion for leave to appeal

contemporaneously with their notice of appeal. FED. R. BANKR. P. 8004(a). The motion for leave to appeal must also include certain contents. *Id.* 8004(b). Despite these unambiguous requirements of the Bankruptcy Rules, Appellants did not comply with them. Their failure, however, does not foreclose the appeal entirely because Bankruptcy Rule 8004(d) permits the Court to "treat the notice of appeal as a motion for leave and either grant it or deny it." FED. R. BANKR. P. 8004(c). In their jurisdictional brief, Appellants ask the Court to treat their Notice of Appeal as a motion for leave to appeal should the Court find the Recusal Order is an interlocutory order. Appellants' Resp. (Doc. No. 29) at 8. The Court turns now to this analysis.

Section 158(a)(3) does not articulate the standard a district court must use in deciding whether to grant leave in its discretion, but "[c]ourts in the Fifth Circuit . . . have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally." *In re Hallwood Energy, L.P.*, Civ. Action No. 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013)(Fish, SJ) (citing *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011)(Kinkeade, J.)); *accord Rivas v. Weisbart*, 2019 WL 5579726, at *2 (E.D. Tex. Oct. 28, 2019); *Celadon Trucking Servs., Inc. v. Moser*, 2019 WL 4226854, at *2 (E.D. Tex. Sept. 4, 2019). There are three elements of the § 1292(b) standard: "(1) a controlling issue of law must be involved; (2) the question

must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177. An appeal of an interlocutory order is appropriate only where all three elements are satisfied. *See In re Genter*, Civ. Action No. 3:19-CV-1951-E, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020)(Brown, J.) (citing *Arparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)). "The Fifth Circuit disfavors interlocutory appeals and leave to appeal is sparingly granted." *Id.* (internal citations omitted); *In re Hallwood Energy*, 2013 WL 524418, at *2 ("[I]nterlocutory appeals are 'sparingly granted' and reserved for 'exceptional' cases.") (internal citations omitted). The decision whether to grant an interlocutory appeal is firmly within the district court's discretion. *Panda Energy Int'l*, 2011 WL 610016, at *3.

In this case, there is no controlling question of law with substantial grounds for disagreement for which resolution would materially advance the end of the bankruptcy litigation. It is well-settled that a recusal motion under § 455 is left to the sound discretion of the judge. *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982); *see In re Pendergraft*, 745 F. App'x 517, 520 (5th Cir. 2018) (citing *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999)). "[C]ontrolling issue of law is one that has 'the potential for substantially accelerating the disposition of the litigation' and does not concern 'matters that are entrusted to the discretion of the bankruptcy

ORDER – PAGE 10

court.'" *In re Moerbe*, 2005 WL 3337634, at *4 (W.D. Tex. Sept. 1, 2005) (quoting *In re Aquatic Dev. Group, Inc.*, 196 B.R. 666, 669 (S.D.N.Y. 1996)). The Recusal Order was an exercise of the Bankruptcy Judge's discretion, so there is no controlling issue of law presented. *Cf. In re Tullius*, 2011 WL 5006673, at *3 (W.D. Tex. Oct. 20, 2011). Appellants also cannot satisfy the second factor because the Court cannot find there exists substantial ground for difference of opinion as to the Recusal Motion.

> [C]ourts have found substantial ground for difference of opinion where a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not yet spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-24 (N.D. Tex. 2006)(Boyle, J.) (internal citation omitted). The Recusal Order does not fall within any of those categories. Simply because Appellants believe the Bankruptcy Court ruled incorrectly does not demonstrate substantial ground for disagreement. *Id.* at 724. Finally, the third element eludes Appellants as well. An interlocutory appeal of the Recusal Order will in no way materially advance the ultimate end to this bankruptcy matter.

The Fifth Circuit strongly disfavors interlocutory appeals and, accordingly, they are rarely granted and reserved for "exceptional cases". *See, e.g., In re Genter*, 2020 WL 3129637, at *2. Appellants failed to satisfy any of the three § 1292(b) criteria. *Id.*

APP.5787

Therefore, in its discretion, the Court **denies** Appellants leave to take an interlocutory appeal of the Bankruptcy Court's Recusal Order.

Finally, the Court turns to the remaining arguments Appellants assert. First, the Court declines to *sua sponte* withdraw the reference of Appellants' motion for the bankruptcy judge to recuse herself. The case Appellants cite in support of this suggestion is inapposite here. In the unpublished Fifth Circuit opinion, *Maddox v. Cockrell*, 2003 U.S. App. LEXIS 28958 (5th Cir. 2003), the appellant sought leave to appeal the dismissal of his 28 U.S.C. § 2254 petition. *See generally Maddox v. Cockrell*, 2003 U.S. App. LEXIS 28958. The magistrate judge recommended dismissal the § 2254 petition and the district judge adopted the recommendation and dismissed the petition. *See id.* at *1-2. The Fifth Circuit did not address the merits of the dismissal, but, instead, *sua sponte* vacated the district court's final judgment and remanded with instructions to assign the case to a different district judge. *Id.* at *2. The Fifth Circuit's reasoning—the district judge was the spouse of the magistrate judge and the *pro se* prisoner likely did not know nor could he have reasonably known this. *Id.* Unlike the unusual and exceptional facts in *Maddox*, the Court does not find this appeal to justify *sua sponte* withdrawing the reference of and ruling on Appellants' motion to recuse.

The Court also finds no justification for treating Appellants' notice of appeal as a petition for writ of mandamus, which Appellants also request. A question of recusal

ORDER – PAGE 12

is reviewable on a petition for writ of mandamus. *United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. 1981); *In re Placid Oil Co.*, 802 F.2d 783, 786 (5th Cir. 1986); *In re Cameron Int'l Corp.*, 393 F. App'x 133, 134-35 (5th Cir. 2010). "However, the writ will not lie in the absence of exceptional circumstances, and the party seeking the writ has the burden of proving a clear and indisputable right to it." *In re Placid Oil Co.*, 802 F.2d at 786 (citing *Gregory*, 656 F.2d at 1136); *accord In re Cameron Int'l Corp.*, 393 F. App'x at 134-35. Appellants fail to make the required showing. The Court refuses to construe Appellants' appeal as a petition for writ of mandamus.

### C. Conclusion

The well-established precedent in the Fifth Circuit is that no jurisdiction lies over an appeal of a motion to recuse until final judgment has been entered. Appellants make arguments about potential inefficiency and wasted resources if they must wait to appeal the Recusal Order until the final judgment has been entered. But these arguments are not novel. The Court is certain those same arguments have been advanced in other courts considering this same issue and those courts have rejected them, as this Court does here. Appellants would have this Court carve out an exception to the well-settled law for them without any justifiable basis other than because they think the Bankruptcy Judge was wrong. Appellants must await final judgment, or other

final resolution, of their bankruptcy proceeding in order to appeal the Recusal Order. This Court has no jurisdiction to hear this appeal.

## IV. Conclusion

The Recusal Order is not a final, appealable order, is not subject to the collateral order doctrine, and is not an appealable interlocutory order under § 1292(a) and the Court is **without jurisdiction** over this appeal of the Bankruptcy Court's Recusal Order. The Court further **denies** Appellants leave to appeal the Recusal Order under § 1292(b), **denies** Appellants' request to withdraw the reference of their motion to recuse, and **denies** Appellants' request to construe their appeal as a petition for writ of mandamus. Accordingly, the Court **dismisses** this appeal for lack of jurisdiction.

**SO ORDERED.**

Signed February 9th, 2022.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 14