Case 19-34054-sgj11 Doc 3449 Filed 08/15/22    Entered 08/16/22 10:48:01    Page 1 of 15
Case 3:23-cv-00726-S   Document 8-29   Filed 12/29/23   Page 1 of 15   PageID 14690
Docket #3449 Date Filed: 08/15/2022

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) ) ) | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO (A) STRIKE LETTERS
ATTACHED TO APPENDIX IN SUPPORT OF THE DONDERO PARTIES'
SUPPLEMENTAL RECUSAL MOTION [DOCKET NO. 3406], OR, (B)
ALTERNATIVELY, TO COMPEL THE LAWYERS' DEPOSITIONS**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:46283.5 36027/003



Highland Capital Management, L.P. ("Highland" or, as applicable, the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form annexed as **Exhibit A** hereto, striking the Letters[2] attached to the *Appendix to James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company's Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support* [Docket No. 3406-1] (the "Appendix") filed by James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC (collectively, the "Dondero Parties") in support of their *Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455* and *Brief in Support* [Docket No. 3406] (the "Supplemental Motion") or, alternatively, compelling the depositions of the authors of the Letters.

The Motion is made pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 7012, and Rules 401, 402, 403, and 802 of the Federal Rules of Evidence ("Fed. R. Evid."). In support of the Motion, Highland respectfully represents as follows.

**PRELIMINARY STATEMENT**

1. The Letters included in the Dondero Parties' Appendix should be stricken from the appellate record because (i) they are irrelevant; (ii) they constitute inadmissible hearsay; and (iii)

---

[2] All capitalized terms used but not defined in these introductory paragraphs and the Preliminary Statement shall have the meanings ascribed to them below.

their inclusion in the record would cause unfair prejudice to Highland and confuse the issues at hand—exactly as the Dondero Parties intend.[3]

2. As set forth below, the Dondero Parties include the Letters in their Appendix but make just one passing, frivolous argument based on them in support of their Supplemental Motion. That is not an accident. The Dondero Parties' transparent goal is to slip the Letters into the record now so that they can cite to them later in their inevitable appeal to the District Court. The Court should reject such gamesmanship.

3. The Letters are self-serving narratives written by two Lawyers who represent certain of the Dondero Parties. The Letters are focused on alleged wrongdoing by the then-Debtor, Mr. Seery, and certain third parties and have little (if anything) to do with the Dondero Parties' latest effort to remove Judge Jernigan from Highland's Bankruptcy Case. Accordingly, the Letters should be stricken as "immaterial" and "irrelevant" under applicable law.

4. Even if the Letters were relevant (and they are not), they are rank hearsay under the rules of evidence and are inadmissible as such.

5. Even if the Letters were relevant, admissible hearsay (and they are not), their probative value is greatly outweighed by the prejudice to Highland that would result from their inclusion in the record. The Letters are "hit pieces" replete with material errors and grossly misleading and incomplete assertions. While Highland does not believe it appropriate to rebut the errors and assertions in the context of adjudicating the Supplemental Motion, it nevertheless requested to take the Lawyers' depositions after the Dondero Parties refused to withdraw the Letters; not surprisingly, the Dondero Parties ignored the request.

---

[3] The demonstrably false Letters serve no apparent purpose other than as a coordinated attempt to damage the reputations of Highland, its managers and professionals, and others. Highland and the parties ensnared in Mr. Dondero's relentless quest to "burn the house down," including the making of the irresponsible allegations set forth in the Letters, reserve all rights, including the right to address these matters in due course.

6. The Letters should be stricken because (i) they are irrelevant; (ii) they are hearsay; and (iii) any probative value is greatly outweighed by the prejudice Highland will face by their inclusion in the appellate record. Alternatively, if the Court is considering including the Letters in the record, Highland respectfully requests that the Court order the Lawyers to appear for deposition so that their out-of-court statements can be tested before the Letters are actually admitted into evidence, thereby mitigating the prejudice to Highland.[4]

## I.   RELEVANT BACKGROUND

### A. The Dondero Parties File the Recusal Motion

7. On March 18, 2021, the Dondero Parties filed their motion seeking to recuse this Court pursuant to 28 U.S.C. § 455 [Docket Nos. 2060, 2061, 2062] (the "Recusal Motion"). The Recusal Motion alleged, among other things, that (a) this Court was biased against Mr. Dondero and the other Movants and (b) this Court's bias had been evident since before this case was transferred to this Court in December 2019. On March 22, 2021, this Court entered its order denying the Recusal Motion [Docket No. 2083] (the "Recusal Order"), finding, among other things, that the Dondero Parties failed to show bias and that the Recusal Motion was untimely.

### B. The Appeal of the Recusal Order

8. The Dondero Parties appealed the Recusal Order to the U.S. District Court for the Northern District of Texas (the "District Court"). *See James Dondero, et al. v. Honorable Stacey G.C. Jernigan, et al.*, Case No. 3:21-cv-00879-K (N.D. Tex.). On June 10, 2021, the District Court granted Highland's motion to intervene. [D. Ct. Docket No. 10].[5] After the parties submitted their

---

[4] As stated in *Highland's Objection to Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support* (the "Objection") being filed concurrently herewith, nothing in the Supplemental Motion, including the Letters, changes the fact that the Recusal Order is a non-appealable interlocutory order and thus not subject to appeal at this time.

[5] "D. Ct. Docket No." refers to the docket maintained by the District Court in *James Dondero, et al. v. Honorable Stacey G.C. Jernigan, et al.*, Case No. 3:21-cv-00879-K (N.D. Tex.).

appellate briefs, the District Court, *sua sponte*, issued an order on December 10, 2021 [D. Ct. Docket No. 28] (the "December Order") directing supplemental briefing on the District Court's jurisdiction. Accordingly, the parties subsequently filed supplemental briefing. [*See* D. Ct. Docket Nos. 29 and 31].

### C. The District Court Denies the Dondero Parties' Appeal of the Recusal Order

9. On February 9, 2022, the District Court entered its *Memorandum Opinion and Order* [D. Ct. Docket No. 39] (the "Binding February Order"). In the Binding February Order, the District Court denied the Dondero Parties' appeal on the ground that the Recusal Order was a non-appealable interlocutory order and that the District Court therefore lacked jurisdiction to hear the appeal.

### D. The Dondero Parties File the Supplemental Motion and Appendix

10. On July 20, 2022, the Dondero Parties filed the Supplemental Motion in this Court seeking to, *inter alia*, introduce new "evidence" into the appellate record to be reviewed by the District Court on appeal. *See* Supplemental Motion ¶ 8. This new "evidence" includes, in pertinent part, three letters (collectively, the "Letters") sent by two attorneys—Douglas Draper and Davor Rukavina (together, the "Lawyers")—who represent certain of the Dondero Parties to the Office of General Counsel, Executive Office for U.S. Trustee, in November 2021 and May 2022, respectively. *See* Appendix 2842-3044, Exhibits 35, 36, 37.

11. The Letters, totaling roughly 200 pages, baselessly allege a litany of wrongdoing by the Debtor, its Court-appointed CEO and CRO, James P. Seery, Jr. ("Mr. Seery"), and others. Tellingly, the Dondero Parties make nothing but a passing, frivolous reference to the Letters in a footnote to their Supplemental Motion.

### E. The Parties Meet and Confer but Are Unable to Reach an Agreement; the Dondero Parties Subsequently Ignore Highland's Request for Depositions

12. On July 26, 2022, Highland's counsel wrote to Michael Lang ("Mr. Lang"), the Dondero Parties' counsel, in connection with the recusal proceeding and demanded that the Dondero Parties withdraw the Letters from their Appendix on the grounds that the Letters are hearsay and contain substantial and material errors and omissions. Morris Dec.[6] **Exhibit 1** at 4-5.

13. Shortly thereafter, counsel conferred telephonically. During the call, Highland's counsel explained that the Letters were hearsay and that Highland should not have the burden of rebutting and correcting a litany of errors and omissions on a recusal motion, but that if the Dondero Parties refused to withdraw the Letters, Highland would seek to depose the Lawyers. In response, Mr. Lang explained that the Dondero Parties did not intend to offer the Letters to prove the truth of the matters asserted, but only to establish that the Letters were actually sent, purportedly (and ironically) in accordance with the Court's guidance. To resolve the issue, Highland's counsel offered to stipulate that the Letters were sent if the Dondero Parties agreed to withdraw them from the evidentiary record. Morris Dec. ¶ 3.

14. After Mr. Lang rejected Highland's offer of a stipulation, Highland sought the depositions of the Lawyers, offering to take them on August 11 or 12 and limit each to four hours. The Dondero Parties ignored Highland's request for the depositions. Morris Dec. **Exhibit 1** at 1.

## II. ARGUMENT

### A. The Letters Are Irrelevant under Applicable Law

15. The Letters are irrelevant to the Supplemental Motion and should be stricken from the record under Rule 12 and the Federal Rules of Evidence.

---

[6] Refers to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion to Strike Letters Attached to Appendix in Support of Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support*, filed concurrently herewith.

Case 3:23-cv-00726-S   Document 8-29   Filed 12/29/23   Page 7 of 15   PageID 14696

16. The Dondero Parties seek to disqualify Judge Jernigan from overseeing Highland's Bankruptcy Case. Under federal law, a judge shall be disqualified where her "impartiality might reasonably be questioned" or where there is "personal or bias or prejudice." 28 U.S.C. § 455(a), (b)(1).

17. The Dondero Parties seek to introduce the Letters into evidence, purportedly in support of the Supplemental Motion. While the Letters contain substantial, unsubstantiated allegations of wrongdoing on the part of the Debtor, Mr. Seery, and certain third parties, they are irrelevant to whether the Bankruptcy Court's own opinions or beliefs, comments, actions, or conduct constitute a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 555 (1994).

18. Indeed, the Letters' irrelevance is reflected in the Dondero Parties' own pleading, which makes only a passing reference to the Letters in a footnote. *See* Supplemental Motion at 5-6, n.26 (the Dondero Parties implausibly contend that the "lack of transparency pervading the HCMLP bankruptcy proceedings" was evidenced by a snippet of colloquy at the February 3, 2021 confirmation hearing and "prompted" the Lawyers to write the Letters many months later). The Dondero Parties make no other argument that the Letters are evidence of this Court's alleged bias.

19. Rule 12 provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The decision to grant a motion to strike is within the court's discretion. *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 787 (N.D. Tex. 2011). The Letters should be stricken from the Appendix filed in support of the Supplemental Motion because they are immaterial and impertinent to the issues at hand. The Letters are advocacy pieces containing baseless allegations of wrongdoing by the Debtor, Mr.

DOCS_NY:46283.5 36027/003

APP.14639

Seery, and others and do not concern any fact of consequence in determining the Supplemental Motion. They are, therefore, irrelevant and inadmissible under Rule 12 and the Federal Rules of Evidence. *See* FED. R. EVID. 401, 402.

## B. The Letters Constitute Inadmissible Hearsay under Fed. R. Evid. 802

20. Even if the Letters were relevant—and they are not—they should be stricken from the record because they constitute inadmissible hearsay, an issue beyond any credible dispute.

21. Under Federal Rule of Evidence 801(c)(1–2), hearsay is an out-of-court statement offered to prove the truth of the matters asserted. "Statement" means a person's oral or written assertion, and "declarant" means the individual who made the statement. FED. R. EVID. 801(a), (b)).

22. Hearsay is inadmissible unless a statute or rule provides otherwise. FED. R. EVID. 802. The Letters plainly constitute inadmissible hearsay because they are the Lawyers' out-of-court statements offered to prove the truth of the matters asserted therein and no statute or rule provides otherwise.

23. Any contention by the Dondero Parties that they are not offering the Letters to prove the truth of the matters asserted should be rejected. As discussed *supra*, the Dondero Parties refused to withdraw the Letters in exchange for a simple stipulation stating that the Letters were sent, the modest point Mr. Lang claimed he was trying to establish.[7] Moreover, if the Letters are not being offered for this truth of the matters in this proceeding, the Court should question whether they were offered for the truth of the matters asserted when the Lawyers filed them with the Office

---

[7] If the Dondero Parties insist that they are not offering the Letters to prove the truth of the matters asserted therein, then they should explicitly identify the limited purpose of introducing the Letters into the record because they rejected Highland's offer to stipulate to the fact that the Letters were sent and caused the filing of this Motion.

of the United States Trustee, because seeking different treatment for the Letters depending on the audience reeks of gamesmanship.

24. Given the frivolous argument advanced by the Dondero Parties in reliance on the Letters,[8] the Court should see the Dondero Parties' inclusion of the Letters for what it is: an obvious attempt to have the District Court review inadmissible evidence—the Letters—as part of the appellate record. The Letters have no place in the appellate record, and the Dondero Parties' attempt to include them is entirely improper.

### C. Any Probative Value of the Letters Is Outweighed by the Risk of Prejudice and Confusion

25. Even if the Court finds the Letters are (a) relevant, and (b) admissible hearsay, the Letters should be stricken from the record under Federal Rule of Evidence 403 because their probative value is substantially outweighed by the danger of confusion and unfair prejudice. *See* FED. R. EVID. 403 (providing that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

26. There is a substantial risk of unfair prejudice if the Letters are included in the record. The Letters are a one-sided, purposefully skewed, and factually inaccurate portrayal of certain events that Highland vigorously disputes. Unless the Court is prepared to engage in a mini-trial over the substance and accuracy of the Letters, Highland will be substantially prejudiced by the inclusion in the record of counsel's arguments masquerading as facts.

---

[8] *See* Supplemental Motion at 5-6, n.26 (suggesting that the "lack of transparency pervading the HCMLP bankruptcy" was evident on February 3, 2021, and somehow "prompted" the Lawyers to send the Letters nine (9) and fifteen (15) months later, respectively).

27.     There is a substantial risk of confusion if the Letters are included in the record. The evidence in the Supplemental Motion should only address the Court's conduct. Yet the Letters address alleged wrongdoing by the then-Debtor, Mr. Seery, and others. The Court should limit the evidence to facts concerning its own conduct, not the conduct of others, so that there is no confusion about the relevant issues at hand.

### D. Alternatively, the Lawyers Should Be Compelled to Testify in Order to Mitigate the Prejudice to Highland

28.     If, for whatever reason, the Court is willing to consider admitting the Letters into the record, it should (a) reserve judgment for the time being, (b) order the Lawyers to appear for deposition so that their allegations in the Letters can be tested and the prejudice to Highland mitigated, and (c) accept the transcripts of the Lawyers' deposition into evidence if it decides to admit the Letters into evidence.

### CONCLUSION

29.     For the foregoing reasons, Highland respectfully requests that this Court (a) strike the Letters from the Dondero Parties' Appendix, or (b) alternatively, direct the Lawyers to appear for depositions concerning the substance of their Letters, and (c) grant Highland such other relief as the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

| | |
|---|---|
| Dated: August 15, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)<br>John A. Morris (NY Bar No. 2405397) (*pro hac vice*)<br>Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)<br>Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:      jpomerantz@pszjlaw.com<br>                jmorris@pszjlaw.com<br>                gdemo@pszjlaw.com<br>                hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, between July 26 and August 5, 2022, Highland's counsel corresponded with the Dondero Parties' counsel regarding the relief requested in the foregoing Motion. Based on the email exchange between Highland's counsel and the Dondero Parties' counsel, the relief requested in the Motion is **OPPOSED** by the Dondero Parties.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) ) ) | |

**ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO (A) STRIKE LETTERS ATTACHED TO APPENDIX IN SUPPORT OF THE DONDERO PARTIES' SUPPLEMENTAL RECUSAL MOTION [DOCKET NO. 3406], OR, (B) ALTERNATIVELY, TO COMPEL THE LAWYERS' DEPOSITIONS**

Having considered (a) *Highland Capital Management, L.P.'s Motion to (a) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (b) Alternatively, to Compel the Lawyers' Depositions* [Docket No. __] (the "Motion")[2] filed by Highland Capital Management L.P. ("Highland"), the reorganized debtor in

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not defined herein shall take on the meanings ascribed to them in the Motion.

APP.14646

the above-captioned chapter 11 case (the "Bankruptcy Case"); (b) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion to (a) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (b) Alternatively, to Compel the Lawyers' Depositions* [Docket No. __] (the "Morris Declaration"); (c) the exhibit attached to the Morris Declaration; and (d) all prior proceedings relating to this matter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Highland's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Letters are hereby **STRICKEN**, and the Dondero Parties are directed to refile their Appendix in support of the Supplemental Motion without the Letters.

3. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

###End of Order###