```
                    IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
                             DALLAS DIVISION

                                      )   Case No. 19-34054-sgj-11
In Re:                                )   Chapter 11
                                      )
HIGHLAND CAPITAL                      )   Dallas, Texas
MANAGEMENT, L.P.,                     )   August 31, 2022
                                      )   9:30 a.m. Docket
        Reorganized Debtor.           )
                                      )   STATUS CONFERENCE RE: MOTION
                                      )   FOR FINAL APPEALABLE ORDER
                                      )   FILED BY JAMES DONDERO
                                      )   [3406]
_____         )

                    TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE STACEY G.C. JERNIGAN,
              UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

For the Reorganized          Jeffrey Nathan Pomerantz
Debtor:                      PACHULSKI STANG ZIEHL & JONES, LLP
                             10100 Santa Monica Blvd.,
                               11th Floor
                             Los Angeles, CA  90067
                             (310) 277-6910

For the Reorganized          Melissa S. Hayward
Debtor:                      HAYWARD, PLLC
                             10501 N. Central Expressway,
                               Suite 106
                             Dallas, TX  75231
                             (972) 755-7104

For James Dondero,           Michael Justin Lang
Movant:                      CRAWFORD WISHNEW & LANG, PLLC
                             1700 Pacific Avenue, Suite 2390
                             Dallas, TX  75201
                             (214) 817-4500

Recorded by:                 Michael F. Edmond, Sr.
                             UNITED STATES BANKRUPTCY COURT
                             1100 Commerce Street, 12th Floor
                             Dallas, TX  75242
                             (214) 753-2062
```

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
1934054220901000000000002

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36-32   Filed 12/29/23   Page 2 of 27   PageID 14717
Main Document   Page 2 of 27

2

Transcribed by:            Kathy Rehling
                           311 Paradise Cove
                           Shady Shores, TX   76208
                           (972) 786-3063

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

            Proceedings recorded by electronic sound recording;
                transcript produced by transcription service.

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 62 Filed 11/29/23   Page 3 of 27   PageID 14718
Main Document   Page 3 of 27

3

<pre>
 1                DALLAS, TEXAS - AUGUST 31, 2022 - 9:40 A.M.

 2               THE COURT:  All right.  We have a status conference

 3     in the Highland matter.  So, before I get appearances, let me

 4     just kind of set the stage here.  The impetus for this was a

 5     motion filed by six different entities, including James

 6     Dondero and NexPoint and HCMFA and Dugaboy Family Trust.  It

 7     was titled a Motion for Final Appealable Order and Supplement

 8     to Motion to Recuse Pursuant to 28 U.S.C. Section 455.

 9          So that was filed, and then Highland filed a motion to

10     strike certain items that were in the appendix.  And there was

11     -- how many -- I've been counting pages here.  I think there

12     was a 365-page appendix.  And Highland wanted to strike

13     certain documents in that appendix.  And then there was an

14     alternative request by Highland to compel depositions of

15     certain persons if those documents weren't stricken.

16          So I felt the need for a status conference.  After

17     originally setting this motion for hearing, I decided to

18     convert today to a status conference because, to be perfectly

19     honest, I didn't understand what in the heck the Movants were

20     procedurally seeking.

21          Okay.  So, I'm aware that Highland's motion to strike and

22     Highland's motion to compel were later resolved by

23     stipulation, but -- and then I guess an amended motion was

24     filed by Movants.  But I'm still confused, and so I just want

25     to kind of talk about process and procedure.
</pre>

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 60-2   Filed 12/09/23   Page 4 of 27   PageID 14719
Main Document   Page 4 of 27

4

1       I will say -- and I see Mr. Pomerantz on the video, and

2    Ms. Hayward and many others -- if we want to talk more

3    generally status, I'm open to that, because I have become

4    aware that the Fifth Circuit affirmed in substantial part the

5    confirmation order, so I don't know if, in light of that, the

6    parties want to talk about big-picture status.

7            MR. POMERANTZ:  Your Honor, I could address that

8    briefly.  I don't think we're prepared today --

9            THE COURT:  Okay.

10           MR. POMERANTZ:  -- for a number of reasons.  One

11   because the other adversaries aren't here.  But suffice it to

12   say we read the order and we intend to bring an appropriate

13   motion before Your Honor to implement the Fifth Circuit

14   opinion, and will do so relatively soon.

15           THE COURT:  Okay.  Thank you.  All right.  So, with

16   that, let me go ahead and get formal appearances on the motion

17   before the Court.  So, for the Movants, Mr. Lang, are you the

18   one appearing for the Movants?

19           MR. LANG:  Yes, Your Honor.

20           THE COURT:  All right.  And for Highland, who do we

21   have appearing on this motion, the status conference?

22           MR. POMERANTZ:  Good morning.  Jeff Pomerantz;

23   Pachulski Stang Ziehl & Jones; on behalf of Highland Capital.

24           THE COURT:  Okay.  And I'll just ask.  I know we have

25   observers, but is there anyone else who wanted to make an

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 60-32   Filed 12/29/23   Page 5 of 27   PageID 14720

5

1  appearance on this particular motion?

2      (No response.)

3          THE COURT:  All right.  Well, Mr. Lang, I'm turning

4  it over to you.  Can you explain to me exactly what you're

5  seeking with your motion?  I know it's about recusal, --

6          MR. LANG:  Sure.

7          THE COURT:  -- but we've plowed a lot of ground, and

8  I'm kind of confused about the --

9          MR. LANG:  No, that's good.  That's fair.

10          THE COURT:  -- procedure.

11          MR. LANG:  And I just want to let you know that we

12  conferred with Highland's counsel, and they have no objection

13  -- and I understand the Court, you know, has some issues that

14  you want to discuss -- but they have no objection to our

15  request to remove the reservation language.

16      Highland also, now that we have stipulated to the removal

17  of the three documents that they had an issue with, Highland

18  also doesn't object to Movants' appendix and supplementing the

19  record.  And likewise, Movants do not object to Highland's

20  appendix and supplementation of the record.  Just so you know,

21  that's unopposed on those issues.

22      With respect to what we are seeking, we are seeking for

23  the Court just to issue an order removing the reservation

24  language.  As the Court is aware, Judge Kinkeade raised the

25  issue about that reservation language in the response

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 32-2   Filed 12/09/23   Page 6 of 27   PageID 14721
Main Document   Page 6 of 27

6

1    briefing.  Highland seized upon that language and -- or,

2    argued that the recusal order was not final because Your Honor

3    had, you know, could potentially supplement or amend the

4    recusal order in the future.

5        And we are trying to get this in a position to get this

6    reviewed on appeal, even if it's through mandamus, and are

7    trying to eliminate any obstacles that might pop up due to

8    that reservation language.  So, it's really that simple on

9    that issue.

10           THE COURT:  Okay.  Let me --

11           MR. POMERANTZ:  Your Honor, may I --

12           THE COURT:  Well, yes, but let me just ask this one

13   very basic question.  If all you are seeking at the end of the

14   day is for this Court to remove the one sentence at the end of

15   the March order that provided the Court reserves the right to

16   supplement or amend, why didn't you just file a motion saying

17   that?

18           MR. LANG:  Well, we say --

19           THE COURT:  And what I'm talking about is it's a

20   lengthy motion.  As I mentioned, it had 365 pages of

21   supplemental material.  And that's why we're here on a status

22   conference, because I didn't understand exactly what you were

23   seeking to do.  You know, why would you file such a thick

24   motion if all you were seeking was for me to remove?  Why

25   wouldn't you have just said -- you know, I guess cited Rule

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 63-2   Filed 03/29/23   Page 7 of 27   PageID 14722
Main Document   Page 7 of 27

7

 1   54?  I guess that would be the applicable authority.  I mean,

 2   so help me to understand.  Have you evolved your approach?

 3   Did you originally think you wanted more and then now you're

 4   seeking to narrow it to just having the Court delete that

 5   sentence, or what?

 6           MR. LANG:  No.  That goes to your second issue about

 7   the supplementation.  You know, the United States Supreme

 8   Court in the *Liteky* case states that, you know, when you've

 9   got a recusal, you look at events occurring in the course of

10   the proceedings that evidence deep-seated favoritism or

11   antagonism.  So you look at the entire course of the

12   proceeding.

13     We put in additional examples.  I think all but one of the

14   transcripts was after the recusal motion was filed and after

15   the order.  And it is, you know, this isn't a single-issue

16   case and it's not a situation where, you know, for example,

17   the Court owns stock in a company that was one of the parties.

18   This is, you know, from our perspective, it's an ongoing case

19   that's still in process, and that in the course of the

20   proceedings there have been statements made and things that

21   happened that we believe are going to be reviewed to apply the

22   standard.

23     And so it is -- the supplementation goes to things that

24   happened after the recusal.  And so we are supplementing to

25   add that.  And that's -- even the Fifth Circuit says that you

Case 19-34054-sgj11    Doc 3480    Filed 09/01/22    Entered 09/01/22 10:59:54    Desc
Case 3:23-cv-00726-S    Document 60-2    Filed 02/09/23    Page 8 of 27    PageID 14723

8

1   look at the entire course of the judicial proceedings when

2   reviewing a recusal motion.

3        So that's -- that was the second point that you raised,

4   which is why, 17 months after the order, are we supplementing?

5   It is because the proceedings continued and we believe it's

6   just additional examples and -- that support the relief that

7   we request, and we're putting it in the record, and we wanted

8   the Court to review it.

9        I think we say in the motion, or in the reply, you know,

10  we don't -- we don't think the Court is going to come to a

11  different conclusion, but regardless, we wanted to put the

12  information in the record and put it before the Court, and the

13  Court can review it and make the ruling that the Court is

14  going to make, and then we'll just go from there.

15       THE COURT:  All right.  One more question for now,

16  and then, Mr. Pomerantz, I'll hear from you.

17       Again, I care about procedure, as I hope any court does.

18  It occurred to me that there were two ways that might

19  procedurally be proper to raise the issues here.  One, as I

20  mentioned, just a simple, I guess, Rule 54 motion:  Please,

21  Judge, take out that last sentence of your order, because some

22  day we want to have a final order that we can appeal.  And I

23  don't think taking out that order, I mean, that one sentence,

24  is going to make it a final order.

25       But then the second -- so that could have been the motion.

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 32   Main Document   Filed 08/29/23   Page 9 of 27   Page 9 of 27   PageID 14724

9

1   Or you could have filed just a new motion to recuse, I guess,

2   and added a new record.

3       But it just felt like you were -- well, I was just

4   confused.  That's why we're here.  And I said I was going to

5   turn to Mr. Pomerantz, but one more question for you.  Do you

6   think if I remove the one sentence from my March 2021 order,

7   all of a sudden you have a final appealable order that you

8   could immediately file a new appeal on?

9           MR. LANG:  No.  What I previously said was that that

10  language, as Highland argued, creates, you know, an argument

11  that the Court has left open the issue on recusal.  And we

12  think that removing that language makes Your Honor's ruling on

13  this final for purposes of allowing us to seek mandamus.  So

14  that's -- that's why we -- just remove the argument that if we

15  seek mandamus, that, no, the Court is not done with this

16  issue, the Court has left open the prospect, you know,

17  prospect of later amending or supplementing the ruling.  And

18  so we're just trying to get that hurdle out of the way.

19          THE COURT:  Okay.  So you acknowledge that if the

20  last sentence is removed, it's still not going to be a final

21  appealable order because of the posture of the bankruptcy

22  case, but you think it somehow gives you the ability to seek a

23  petition for writ of mandamus?

24          MR. LANG:  I think it removes an argument when we

25  seek a petition for writ of mandamus that this is not -- that

Case 19-34054-sgj11    Doc 3480    Filed 09/01/22    Entered 09/01/22 10:59:54    Desc
Case 3:23-cv-00726-S    Document 36    Filed 09/05/23    Page 10 of 27    PageID 14725

10

1    the Court is not done with this issue and therefore it would

2    be premature.

3        So we're just removing -- again, the argument was made

4    after Judge Kinkeade raised the issue about that language in

5    the order, the argument was made by Highland that that

6    language means that the Court is not done with the issue,

7    potentially not done, and the Court reserved the right to

8    visit that issue at a later date, and therefore, you know, the

9    judge -- the Court's not done dealing with the issue.

10        So we are asking the Court, just remove that language,

11    remove that potential obstacle, and allow us to go forward

12    with whatever procedural rights we have.

13            THE COURT:  Okay.

14            MR. LANG:  We're not asking the Court --

15            THE COURT:  I'm just trying --

16            MR. LANG:  -- to declare --

17            THE COURT:  I'm trying not to waste judicial

18    resources.  And as I understood the Judge Kinkeade ruling,

19    which I went back and read -- I hadn't read it before you

20    filed this new motion -- while he makes a passing reference to

21    the last sentence of my March 2021 order, he gives about five

22    reasons why an order denying a motion to recuse is not a final

23    appealable order until the end of the proceedings it's filed

24    in.

25        And so I read the opinion as there was established case

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36 Main DoFiledment 09/23 Page 11 of 27   Page 11 of 27   PageID 14726

11

1   law that, even if that last sentence hadn't been in there, you

2   didn't have a final appealable order.  Do you read it

3   differently?

4           MR. LANG:  No, I don't read his opinion differently.

5   And that's why I said that, you know, as far as the petition

6   for writ of mandamus, we don't have to have a final -- the

7   proceeding doesn't have to be final.  It's a different avenue

8   for appeal.

9       And so Judge Kinkeade did not consider, even though we

10   asked him to go ahead and just consider this a petition for

11   writ of mandamus, Judge Kinkeade denied that request, so he

12   did not rule on that issue.  And that's why, again, removing

13   the language eliminates the argument under the mandamus --

14   when the mandamus is filed, it just eliminates the argument

15   that the Court is not done dealing with the issue.

16           THE COURT:  He denied -- okay.  Well, there was

17   something in that ruling that made you think, hey, if you go

18   back and get this last sentence removed, then maybe I would

19   consider a petition for writ of mandamus in this context?

20           MR. LANG:  No.  At the end of the order, he said he

21   denies Appellants' request to construe their appeal as a

22   petition for writ of mandamus.  So the way it was procedurally

23   postured, he said it could not be appealed.

24           THE COURT:  Did --

25           MR. LANG:  But the mandamus position remains open.

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 32   Main Document   Filed 09/22/23   Page 12 of 27   Page 12 of 27   PageID 14727

12

1    And when he, being Judge Kinkeade, after the briefs were

2    filed, he obviously was looking at it, he questioned his

3    jurisdiction, he requested briefing on the jurisdiction,

4    because in that order that he sent out requesting the

5    briefing, he pointed out -- you know, one of the issues he

6    pointed out was the Court's language, the reservation language

7    in the order.  And, again, Highland argued that because of

8    that language, among other things, that language made the

9    order not final.

10        So all we're saying, all we're asking is just remove that

11   language so when we file the writ of mandamus that argument

12   isn't there.  The Court is done dealing with the issue.

13   Nobody can disagree with it.

14        You know, nobody -- Highland is not agreeing that we, you

15   know, can seek mandamus, so I'm not saying that.  And I'm not

16   asking the Court to agree to that.  Mandamus is a -- we

17   believe is an option.  It's still on the table.  And we're

18   just dealing with one issue that came up before and just

19   trying to head it off before -- so that we don't have to come

20   back down and ask the Court to remove it later.

21            THE COURT:  All right.  Mr. Pomerantz, what do you

22   want to say about this?

23            MR. POMERANTZ:  So, Your Honor, this is extremely

24   frustrating.  I know Your Honor had said you didn't want to

25   waste Court time.  There has already been a tremendous amount

Case 19-34054-sgj11    Doc 3480    Filed 09/01/22    Entered 09/01/22 10:59:54    Desc
Case 3:23-cv-00726-S    Document 30cument Filed 02/09/23 of 27age 13 of 27    PageID 14728

13

1    of Court time that's wasted.

2         When we got this motion, it was a head-scratcher.  We read

3    it as seeking way more things than what Mr. Lang is saying

4    now.  If he had called up and asked us if we had any issue,

5    subject to Your Honor's agreement, to remove that last

6    sentence, we would have said we don't, because the briefing

7    before the District Court and the District Court's decision

8    have really nothing to do with that last sentence.  Maybe the

9    -- Judge Kinkeade mentioned it in his December order, but it's

10   clear, as Your Honor mentions, from the reading of the

11   District Court opinion that it is irrelevant.

12        And the argument that the Court, the District Court which

13   denied interlocutory appeal is somehow, once that sentence is

14   eliminated, going to entertain and grant a writ of mandamus is

15   farcical.  It's just not going to happen.  And unfortunately,

16   what's going to happen is we're going to have to spend more

17   time, more money, and more effort.

18        And Your Honor, I know the motion to strike has been

19   resolved, but I'd just like to mention it, because this is --

20   continues to be frustrating from the Highland side.  They

21   filed an appendix that sought to slip in three letters written

22   by attorneys for various Dondero entities that were

23   essentially a smear campaign, a smear campaign on Mr. Seery, a

24   smear campaign on the Independent Directors, incidentally,

25   which may be actionable in its own right.

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 32   Filed 12/29/23   Page 14 of 27   PageID 14729

14

1      That had nothing to do with bias.  They wanted to slip

2  that in, somehow it would get into the appellate record, if

3  and when they ever got to an appeals court.

4      So what do we do, Your Honor?  We called them up, called

5  Mr. Lang up and said, will you withdraw the letters?  There's

6  no basis for those to be included in the appendix.  He said

7  no.  Said, okay, will you make the deponents -- the people who

8  wrote the letters available for deposition?  Wouldn't agree to

9  that, either.

10      And then we go to the time and the money, we file our

11  motion to strike, and lo and behold, which has become a

12  considerable pattern in this case, Your Honor, what does Mr.

13  Lang do?  He calls up and says, I will withdraw the letters.

14  Okay?  That's aside.  We got what we wanted.  There's nothing

15  we can do.  But it is kind of frustrating, how that -- how

16  that played out.

17      Your Honor, this motion, to the extent it asks for that

18  sentence to be removed, that's fine.  Again, we think it's a

19  legal nullity.  What Mr. Lang asked for in his motion is for

20  Your Honor to issue a final order.  Your Honor can't determine

21  whether your order is final.  We've made that point in our

22  opposition.  It seems maybe now Mr. Lang is walking back on

23  that.  There's nothing you can do.  Your Honor can issue an

24  order; it'll be up to the District Court.

25      With respect to the supplement, Your Honor, as we put in

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 30-2 Filed 12/08/23   Page 15 of 27   PageID 14730
Main Document   Page 15 of 27

15

1  the record, we think all the quote/unquote evidence that was

2  submitted just is a severe mischaracterization of the record.

3  And it's important, Your Honor, that not only does the -- we

4  agree that the evidence can come in, but we think Your Honor

5  has to make a determination whether those additional

6  allegations of bias and evidence do in fact demonstrate bias.

7  What we think Mr. Lang wanted to do, or the Appellants wanted

8  to do, or the Movants, they wanted to have that information

9  come in and argue at first blush to the Appellate Court that

10  that is bias, without having had Your Honor make the initial

11  determination, as you would have if there was a motion to

12  reconsider, as you would have if there was a new motion.

13      And so we think it's very important that Your Honor

14  consider those additional allegations.  We think categorically

15  they do not demonstrate any bias, and our Exhibit A goes

16  through each item and points out the severe

17  mischaracterizations.

18      So, Your Honor, we've wasted a lot of time.  We've wasted

19  a lot of money.  But if all they want is to remove that

20  sentence, supplement the record, have Your Honor deny the

21  motion yet again after considering the additional evidence, we

22  do not have an opposition to that.  But it was -- kind of took

23  a long time and a lot of money to get to this place.

24      Thank you, Your Honor.

25          THE COURT:  All right.  And Mr. Lang, on the subject

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36   Main Document   Filed 09/26   Page 16 of 27   PageID 14731

16

1    of it took a lot of time and a lot of money, estate resources,

2    to get to this place, I just want to note a couple of things.

3    And I guess I'm happy to hear any response to these things

4    that I feel very frustrated about.

5         Again, my focus at this point is judicial resources as

6    well as estate resources.  And no judge, no judge looks

7    lightly on a motion to recuse.  Okay?  Any judge, I would

8    think, is going to have some self-introspection.  Like, oh my

9    goodness, what would motivate someone to think this needs to

10   be urged?

11        But, so on the topic of -- again, I want you to respond to

12   this, Mr. Lang -- my concern about judicial resources and

13   estate resources.

14        The timeline here -- and I always talk about timelines, I

15   know -- but this Court signed the confirmation order in this

16   case February 22, 2021, and your motion to recuse was filed

17   about a month later, March 18, 2021.  Now, here's the first

18   thing I'll mention about judicial resources and estate

19   resources.  Your motion and brief to recuse included an

20   appendix that was 200 -- no, excuse me, 2,722 pages long.

21   Okay?

22        So any judge, again, has to take it seriously when a

23   motion to recuse is filed.  And the standard is I have to

24   stand back and look at would a reasonable person have concerns

25   here.  So I can't just say, I know I'm not biased, I don't

Case 19-34054-sgj11    Doc 3480    Filed 09/01/22    Entered 09/01/22 10:59:54    Desc
Case 3:23-cv-00726-S    Document 36 Main Filed 09/28/23 Page 17 of 27    Page 17 of 27    PageID 14732

17

1    think I'm biased; I have to look at what a reasonable person

2    might think.

3        So you presented to me a 2,722-page appendix for me to do

4    my job and look at what would a reasonable person think.  So,

5    then would it raise a doubt in the mind of a reasonable

6    observer as to the judge's impartiality?

7        So I think here's another point that goes to judicial

8    resources.  I had my law clerk, just out of curiosity, count

9    up for me how many orders that I had signed as of the day that

10   the motion to recuse was filed, March 18, 2021, and I had

11   presided over the bankruptcy case for 15 months at that point,

12   but it had been in Delaware for two months before Dallas.  On

13   the day you had filed your motion to recuse, March 18, 2021, I

14   had signed 263 orders in the Highland bankruptcy case and the

15   adversary proceedings.  It's a lot more now, of course.  But

16   so I suppose, if I was really to do my job thoroughly, I might

17   look not merely at your 2,722 pages of appendix attached to

18   your motion to recuse, but all 263 orders I had entered to

19   see, hmm, would a reasonable observer question my

20   impartiality?

21       So, anyway, this is all about judicial resources and

22   estate resources.  So, going down the timeline, March 23,

23   2021, five days after you filed the motion to recuse -- after,

24   I will tell you, I won't say I dropped everything to pore

25   through this, but spent a lot of time -- I issued an order

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 66   Filed 12/09/23   Page 18 of 27   PageID 14733
Main Document   Page 18 of 27

18

 1   denying the motion to recuse.

 2        Now, here's inside baseball, okay, if there ever was:  The

 3   last sentence, reserving the right to supplement or amend,

 4   here's why I did it.  I didn't know it would cause a brouhaha.

 5   Maybe I didn't give it enough thought.  But in reading the

 6   case law during those many days and hours I spent focusing on

 7   your motion to recuse, I realized that most of the case law

 8   says you don't have to have a hearing, okay, the statute

 9   doesn't require a hearing, the case law says you don't have to

10   have a hearing.  And I cited some of that my order.  But I

11   thought, these Movants, after seeing this order, they may come

12   back and say, you didn't give us our day in court.  We wanted

13   a hearing.  We weren't just going to rely on our 2,722-page

14   appendix.  We wanted to put on witnesses.

15        So I didn't have to stick that sentence in there, but I

16   was just sort of anticipating what the Movants might do.

17        Okay.  So, live and learn.  I guess I won't, if I'm ever

18   confronted with the situation again, do that.  But that's what

19   that was about.

20        So, my law clerk went and looked at the appellate record

21   in the past few days, because, I mean, again, head-scratcher.

22   We were trying to get a feel for how big a deal was this

23   sentence, okay, to the District Court, if at all.  But anyway,

24   we happened to note that in July, July 20, 2021, the District

25   Court record on appeal was supplemented with 1,001 more pages

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36   Filed 12/29/23   Page 19 of 27   PageID 14734
Main Document   Page 19 of 27

19

1    of record.  So I guess, goodness gracious, poor Judge Kinkeade

2    and his staff, they had 3,723 pages of appendix.  I don't even

3    know if that's all.  You know, I don't know.

4         But so Judge Kinkeade dismissed the appeal because he said

5    my order was interlocutory on February 9, 2022, and then we

6    didn't see a motion for rehearing or an appeal to the Fifth

7    Circuit or a petition for writ of mandamus to the Fifth

8    Circuit.  Five and half months later, this new motion for

9    final appealable order and supplement to the motion to recuse

10   is filed, containing 365 more pages.  And then I see that, Mr.

11   Lang, you filed an amended motion to take out certain of the

12   items, with the agreement, the stipulation that was reached

13   with Debtor's counsel, so it's now a 154-page appendix.

14        But I should add that, in Highland's objection to your

15   latest motion, they attached 86 exhibits, and I couldn't count

16   all those exhibits, but it was more than 5,500 pages.  And it

17   was, as I understood it, sort of almost like a rule of

18   optional completeness.  If you're going to submit these 154

19   pages to supplement the record, we think you need to attach

20   more than snippets of a transcript here and there.  You need

21   to have the whole context.

22        So, anyway, I -- you know, look at what you're doing.  I'm

23   just -- and I guess I could totally appreciate and understand

24   if there had been a brief order from Judge Kinkeade saying,

25   because of that one sentence, this is an interlocutory order,

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36   Main Document Filed 09/20/23   Page 29 of 27   Page 20 of 27   PageID 14735

20

1   no leave to appeal an interlocutory order is warranted, end of

2   order.  And, frankly, when you filed your motion, this latest

3   motion, having not seen Judge Kinkeade's order, I thought

4   that's what it was going to say.

5       So, from the tone of your motion, it sounded like that's

6   all his order was about, just:  I have a problem with this

7   last sentence, it makes the whole order interlocutory.  And

8   then I go back and read it and he gives four or five different

9   reasons why an order denying a motion to recuse is

10  interlocutory until the end of the case.  I know that's a

11  bizarre concept in the world of bankruptcy, but he considered

12  this is even the rule in the world of bankruptcy.

13      So, anyway, help me to understand why this isn't

14  unnecessary carpet-bombing the Court, me and whoever might

15  hear your petition for writ of mandamus, and the Debtor

16  estate, carpet-bombing us with paper and causing us to expend

17  resources.  And, again, we've got this backdrop of the

18  original motion to recuse being filed 15 months after I

19  started presiding over the case and after I had signed 263

20  orders.

21      Please, Mr. Lang, please help me to understand if this is

22  warranted.  Why, I mean, help me to understand why this is not

23  wasting resources in your view and why this isn't just some

24  strategy.  Again, I'm trying to not play psychologist, I'm

25  really trying to understand why you think this is fine.

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 36   Filed 12/29/23   Page 21 of 27   PageID 14736
Main Document   Page 21 of 27

21

1          MR. LANG:  Well, Your Honor, we've moved to recuse,

2     and we've stated the grounds, and we have put in documents

3     from the record that we think support those grounds.  We have

4     not unnecessarily carpet-bombed.  We've cited to the various

5     transcripts.  The length of the record is directly related to

6     the length of the transcripts mostly, the various transcripts

7     throughout the proceeding.  And so, you know, with respect to

8     the 2,722 pages of appendix, most of those are just complete

9     copies of transcripts.

10         But again, we're just creating our record to support our

11    position on our motion.  And the current motion is eight

12    pages.  It's got reference to the additional grounds that

13    we've set forth that we think support our motion.  And we

14    attached the various documents and transcripts that, again,

15    support -- we think support our position.  And we're making

16    our record for appeal.

17         And as far as Mr. Pomerantz and the withdrawing of the

18    letters, you know, I was getting ready for trial when Mr.

19    Morris called.  And he said, they're hearsay.  We had a brief

20    conversation.  I disagreed.  They filed their motion.  When I

21    got the time to look at it, I read through it, and Mr. Morris

22    and I had a conversation, and we decided, you know what, we

23    don't need them, we'll pull them out.  Let's just do away with

24    this issue.  It's not worth the time to deal with it.

25         I'm sorry they had to file their motion.  But, you know, I

Case 19-34054-sgj11    Doc 3480    Filed 09/01/22    Entered 09/01/22 10:59:54    Desc
Case 3:23-cv-00726-S    Document 38-6 Filed 12/29/23    Page 22 of 27    PageID 14737

22

1    couldn't drop everything at that moment to look through.  And

2    again, the reason that he gave was hearsay.  So, you know,

3    it's not gamesmanship.  It was just, look, you know, when we

4    got down to looking at it, when I looked at it, I decided it

5    wasn't worth the effort and the hassle, and we agreed to pull

6    them down and withdraw them.  And that's why I filed the

7    amended motion.

8         As far as the current appendix, Your Honor, we're just

9    making a record.  You know, we're trying to get this thing

10   reviewed.  We're making sure the Court is aware of all the

11   grounds and having considered all the grounds and all the

12   actions that we think support our motion.  We're giving the

13   Court the opportunity to look at it, and then just enter the

14   order without that language and we'll deal with the mandamus.

15        Again, the issue is ultimately going to be reviewed.

16   We're trying to get it reviewed.  And you're right, you know,

17   we don't have to, you know, you didn't have to have a hearing

18   on the first deal, you don't have to have a hearing on this

19   one.

20             THE COURT:  Okay.

21             MR. POMERANTZ:  Your Honor, this is -- this is just

22   one more match in furtherance of Mr. Dondero's stated desire,

23   as you've heard many times, to burn the place down.  We would

24   have hoped, and I guess it would have been naïve to hope, as I

25   know Your Honor has hoped throughout the case, that at some

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 33   Main Document   Filed 12/29/23   Page 23 of 27   Page 23 of 27   PageID 14738

23

1    point in time the Dondero side would stop blaming Your Honor,

2    blaming Mr. Seery, blaming the estate, and actually look at

3    what he can do to put an end to this.  Pay his notes, stop

4    raising frivolous claims, so everyone can go on with his life.

5    That's what the estate wanted to do and wants to do.  That's

6    what Mr. Seery wants to do.  Unfortunately, Mr. Dondero

7    doesn't seem capable of it, and this is just one more match on

8    the flames.  And Mr. Lang, doing his job, following his

9    client's wishes, is just one more player in that.  But it is

10   extremely frustrating.

11           THE COURT:  Okay.  All right.  Here's what I'm going

12   to do.  First, I'm simply going to deny the pending amended

13   motion for final appealable order and supplement to motion to

14   recuse, as it is procedurally improper as framed.  Okay?  It

15   was kind of like a Rule 54 motion.  It was kind of like a new

16   motion to recuse.  It was kind of like a Rule 59 motion for,

17   you know, new -- to put in new evidence, have a new trial, but

18   way untimely for that.

19      So I'm just denying the motion that's before me.  Okay?

20   And by doing that, I mean, I guess, I guess the stipulation

21   and order that's before me on the motion to strike and the

22   motion to compel, I guess I'll -- it's in my queue, I'll sign

23   it, unless someone tells me there is a reason it doesn't make

24   sense to sign it.

25      But I'm denying the motion before me.  But just so it's

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 32   Filed 12/29/23   Page 24 of 27   PageID 14739

24

1   clear, Mr. Lang, it's without prejudice to you either filing a

2   simple Rule 54 motion, without attachments, that simply asks

3   me to strike the last sentence of my original order denying

4   your motion to recuse from March 2021.

5       If you give me a simple Rule 54-based motion simply asking

6   me to strike that sentence, I'll sign it.  Without a waiting

7   period.  Without a hearing.  And I assume Mr. Pomerantz

8   doesn't have a problem with that.

9           MR. POMERANTZ:  That is correct, Your Honor.  If all

10  that motion asks for, we would not oppose that.

11          THE COURT:  Okay.  It's also, my ruling today denying

12  your motion, is without prejudice to you filing a new motion

13  to recuse, if that's what you want to do, to start this over

14  and supplement the record.

15      But, you know, proceed as you will.  This Court is going

16  to do its duty.  And, well, if you want to do that, you do

17  that, but I'll have a more elaborate order if I have to rule

18  on a new motion to recuse.  Among other things, I'm going to

19  point out to the Court above, whoever hears this, that because

20  I think timeliness was always an issue I raised in your

21  original order, you know, filing a motion to recuse after

22  confirmation, 15 months after this judge was assigned to the

23  case, and after the judge had signed 263 orders.

24      You know, we have case authority, as I'm sure you

25  researched and know, that talk about timeliness.  Even though

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 66   Filed 12/29/23   Page 25 of 27   PageID 14740
Main Document   Page 25 of 27

25

1   it's not baked into the statute, 28 U.S.C. Section 455, it is

2   a factor.  And so this is not *A v. B* litigation.  This is a

3   case affecting many, many people.  And at some point, don't we

4   have to wonder why a motion would be filed after 263 orders?

5   If your clients legitimately think there was bias, I don't

6   know why they didn't raise the issue way, way earlier in the

7   case.

8       And that's why these appendices are so huge, right?  It

9   dovetails with the timeliness.  Okay?  Fifteen months.

10  There's a huge, huge, huge, huge record.

11      So, anyway, do you have any questions, Mr. Lang?

12      Again, I  will say it for at least the third time this

13  morning:  I'm worried about judicial resources and estate

14  resources.  Okay?  And, you know, I have to worry about I'll

15  loosely call my bosses, okay, you know, the courts that grade

16  my papers.  The District Court who hears appeals and hears

17  petitions for writ of mandamus.  The Fifth Circuit.  They're

18  going to get frustrated with me if -- well, you know, if, for

19  example, I had ruled on this motion before me today, a clearly

20  procedurally defective motion.  And if I just willy-nilly let

21  people put things in the record without a procedurally proper

22  basis, it just makes more work for the Court of Appeals,

23  right?

24      So it's not just about the lawyers here.  It's not just

25  about me and my staff.  It's about the people who grade my

Case 19-34054-sgj11   Doc 3480   Filed 09/01/22   Entered 09/01/22 10:59:54   Desc
Case 3:23-cv-00726-S   Document 33-6   Filed 12/29/23   Page 26 of 27   PageID 14741
Main Document   Page 26 of 27

26

1    papers.  If I granted your motion as it's pending here before

2    me today, I have every reason to think, whether it's Judge

3    Kinkeade or the Fifth Circuit, they would think, what is this

4    judge doing?  Okay?  So it's just procedurally defective, what

5    you filed.  Okay?  But, again, you've got the ruling.  Do you

6    have any questions?

7               MR. LANG:  I don't.

8               THE COURT:  We're adjourned.

9               THE CLERK:  All rise.

10       (Proceedings concluded at 10:25 a.m.)

11                              --oOo--

12

13

14

15

16

17

18

19

20                         CERTIFICATE

21       I certify that the foregoing is a correct transcript from
     the electronic sound recording of the proceedings in the
22   above-entitled matter.

23    **/s/ Kathy Rehling**                        **08/31/2022**

24   _____          _____

25   Kathy Rehling, CETD-444                        Date
     Certified Electronic Court Transcriber

Case 3:23-cv-00726-S   Document 36   Filed 12/09/23   Page 27 of 27   PageID 14742

27

INDEX

PROCEEDINGS                                                            3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS                                                               23

END OF PROCEEDINGS                                                    26

INDEX                                                                 27