United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: JAMES DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., THE DUGABOY INVESTMENT TRUST, GET GOOD TRUST, and NEXPOINT REAL ESTATE PARTNERS, LLC | § § § § § § § § | CIVIL ACTION NO. 3:23-CV-0726-S |

## ORDER

Before the Court is the Petition for Writ of Mandamus ("Petition") [ECF No. 1], the Appendix to the Petition for Writ of Mandamus ("Appendix") [ECF Nos. 1-1 through 1-5], the Joint Supplemental Appendix ("Supplemental Appendix") [ECF No. 8], Highland Capital Management, L.P.'s Response to Petition for Writ of Mandamus ("Response") [ECF No. 17], and the Reply in Support of Petition for Writ of Mandamus ("Reply") [ECF No. 23]. Petitioners James Dondero, Highland Capital Management Fund Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, seek a writ of mandamus ordering the recusal of Bankruptcy Judge Stacey G. Jernigan ("Judge Jernigan") from the Chapter 11 bankruptcy proceedings concerning Highland Capital Management, L.P. ("Debtor"). For the reasons articulated in the Memorandum Opinion and Order Denying "Amended Renewed Motion to Recuse, Pursuant to 28 U.S.C. § 455" ("Third Order Denying Recusal"), the Court finds that Petitioners failed to present any objective manifestations of bias or prejudice that would constitute grounds for Judge Jernigan's recusal. *See* App. 2-37. Accordingly, the Court finds that Petitioners have not shown that the extraordinary remedy of a writ of mandamus is warranted. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

On October 16, 2019, Debtor filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Case"), and that court transferred venue to the United States Bankruptcy Court for the Northern District of Texas. *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P.* (*In re Highland Cap. Mgmt. L.P.*), No. 19-34054-SGJ-11, 2022 WL 780991, at *1 (Bankr. N.D. Tex. Mar. 11, 2022). Fifteen months after the case was transferred, Petitioners filed a motion to recuse under 28 U.S.C. § 455 ("First Recusal Motion"). App. 39-75. Judge Jernigan denied the First Recusal Motion, Suppl. App. 3593-603, and Petitioners appealed ("First Appeal"), *id.* at 3732-64. Concluding that Judge Jernigan's order was interlocutory and not immediately appealable as a matter of right, the district court dismissed the First Appeal for lack of jurisdiction. *Id.* at 5777-90.

Five months later, Petitioners filed their Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455, which they later amended ("Second Recusal Motion"). *Id.* at 5793-801 (original motion); *id.* at 6523-30 (amended motion). In the Second Recusal Motion, Petitioners asked Judge Jernigan to reconsider the First Recusal Motion along with Petitioners' supplemental evidence and arguments and to "enter a final, appealable order on th[e] issue." *Id.* at 6530. Judge Jernigan held a status conference on August 31, 2022, regarding the Second Recusal Motion. *Id.* at 14659-85. At the hearing and in a written order, Judge Jernigan denied the Second Recusal Motion as procedurally improper. *Id.* at 14656-58, 14681-84. The order was entered "without prejudice to the Movants' right to file (1) a simple motion . . . seeking only a revised and amended Recusal Order . . . and/or (2) a new motion to recuse this bankruptcy judge based on any alleged new evidence or grounds for recusal" that were not included in the First Recusal Motion. *Id.* at 14658. Petitioners chose the second option.

2

On October 17, 2022, Petitioners filed their Amended Renewed Motion to Recuse Pursuant to 28 U.S.C. § 455 ("Third Recusal Motion"). App. 2800-28. Judge Jernigan issued the Third Order Denying Recusal on March 6, 2023. *Id.* at 2-37. On April 4, 2023, Petitioners filed a Petition for Writ of Mandamus in the First Appeal, but District Judge Ed Kinkeade ("Judge Kinkeade") unfiled it because the First Appeal was dismissed, and the Petition for Writ of Mandamus was not "in any way . . . a continuation of the bankruptcy appeal that was before the Court." Suppl. App. 5791-92. Judge Kinkeade directed Petitioners to file a new action if they wished to seek relief as to the Third Order Denying Recusal. *Id.* This action before yet another district court ensued.

## II. ANALYSIS

A writ of mandamus is an "extraordinary remedy" justified only by "exceptional circumstances." *In re Gordon*, No. 18-60869, 2019 WL 11816606, at *1 (5th Cir. 2019) (citation omitted). As such, the Supreme Court has established three requirements that must be met before a writ may issue. "First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. . . . Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *In re LeBlanc*, 559 F. App'x. 389, 392 (5th Cir. 2014) (citation omitted). And third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* For the reasons set forth in the Response, the Court finds these three requirements have not been met. Resp. 16-20.

To meet the first requirement, Petitioners must show that the alleged error is "*irremediable on ordinary appeal*, thereby justifying emergency relief in the form of mandamus." *In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000) (footnote and citation omitted). "That is a high bar: The appeals process provides an adequate remedy in almost all cases, even where defendants face the prospect of an expensive trial." *In re Depuy Orthopaedics, Inc.*, 870

3

F.3d 345, 352 (5th Cir. 2017) (citation omitted). Petitioners fail to make the required showing. As examples of Judge Jernigan's alleged bias, Petitioners cite comments made by Judge Jernigan throughout the course of the Bankruptcy Case, *see* Pet. 5-7; however, the Court finds that these statements, when taken in context, provide no basis for reasonably questioning Judge Jernigan's impartiality or finding personal bias or prejudice. As further evidence of Judge Jernigan's alleged bias, Petitioners also cite rulings they never appealed and rulings that were appealed and affirmed in all material aspects. *See, e.g.*, App. 20-28; Resp. 7-8. If anything, Judge Jernigan's rulings could arguably constitute grounds for appeal, not for recusal.

As to the second requirement, because Petitioners have not shown that recusal was warranted, Petitioners do not demonstrate a "clear and indisputable" right to mandamus. *In re LeBlanc*, 559 F. App'x. at 392 (citation omitted). 28 U.S.C. § 455, which applies to bankruptcy courts through Federal Rule of Bankruptcy Procedure 5004(a), provides in relevant part that any judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). A party seeking recusal must clear the following hurdles: "They must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). The Court finds that Petitioners have not cleared the required hurdles.

Petitioners allege that Judge Jernigan displayed personal bias and animus toward Dondero and his affiliates based on rulings and statements made by Judge Jernigan throughout the Bankruptcy Case, Pet. 3-9, but none of the grounds Petitioners assert merit disqualification.

4

Petitioners do not place the contested rulings and statements in the appropriate context within the Bankruptcy Case. As set forth in the Third Order Denying Recusal, the Third Recusal Motion "contains several misstatements or partial descriptions of events during the case, in several places, that create misimpressions." App. 19. Further, these challenges arise from "intrajudicial sources." *Andrade*, 338 F.3d at 460. To lead to disqualification, events in court must "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 462 (citation omitted). Petitioners fail to identify any action or statement revealing a sufficient degree of antagonism.

Petitioners also contend that two *fiction* novels authored by Judge Jernigan are "the most revealing evidence of [her] bias." Pet. 1. The Court is not persuaded by Petitioners' far-reaching comparison between the books and the parties to the Bankruptcy Case. Petitioners fail to show how any portion of the crime novels could raise a doubt in the mind of a reasonable observer as to Judge Jernigan's impartiality.

As to the third requirement, Petitioners have not shown that a writ of mandamus is appropriate under the circumstances. After a careful review of the record, the Court concludes that a reasonable and objective observer, aware of all the facts and circumstances, would not harbor doubts about Judge Jernigan's impartiality in the Bankruptcy Case. The Court agrees with Judge Jernigan in finding that Petitioners' allegations are wholly conclusory and baseless and do not establish Judge Jernigan's personal bias or prejudice for or against any party, or any other basis upon which Judge Jernigan's impartiality might reasonably be questioned. *See* 28 U.S.C § 455(a)-(b); FED. R. BANKR. P. 5004(a).

## III. CONCLUSION

The Court finds that Petitioners have not proved "exceptional circumstances" sufficient to justify the extraordinary remedy of a writ of mandamus. *In re Gordon*, 2019 WL 11816606, at *1. For the foregoing reasons, the Petition for Writ of Mandamus [ECF No. 1] is **DENIED**.

**SO ORDERED.**

SIGNED March 8, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**